320 P.2d 696

Carlotta URREA, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR COUNTY OF PIMA, Respondent.

No. 6571.

Supreme Court of Arizona.

Jan. 14, 1958.

Jose Del Castillo, Tucson, for petitioner.

Raul H. Castro, County Attorney, by Jack I. Podret, Deputy, Tucson, for respondent.

PHELPS, Justice.

This court issued an alternative writ of prohibition on petition of Carlotta Urrea to restrain the Superior Court of Pima County from proceeding further in the prosecution of petitioner on a complaint of re-·ceiving stolen property. We herein determine that the writ shall be made permanent. The essential facts leading to that determination follow. The superior court under Rule 236, Rules of Criminal Procedure, 17 A.R.S., granted petitioner's motion to dismiss the prosecution in Number A–10535, a prosecution for the felony of receiving stolen property of a value of more than $50, because the petitioner was not brought to trial thereon within 60 days after the information was filed. In granting the motion to dismiss, the court did not order that a new prosecution be instituted. Nevertheless, on the basis of a new complaint made against petitioner, the county attorney filed a new information and petitioner was arraigned before the superior court in Number A–10719 for the same offense of receiving stolen property.

Rule 238, Rules of Criminal Procedure, provides:

"An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony, provided no such prosecution shall be instituted without the order of the court in which the action was pending."

Under this rule the failure of the court in which Number A–10535 was pending to order that a new prosecution be instituted resulted in a grant to petitioner of an immunity by law from further prosecution for the same offense, and the prosecution in Number A–10719 is barred by virtue of the dismissal of Number A–10535. The superior court lacks jurisdiction to proceed further in Number A–10719, and the alternative writ of prohibition heretofore issued is hereby made peremptory. The conclusion herein reached makes it unnecessary to consider other questions raised by petitioner.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concurring.