406 P.2d 843

**STATE of Arizona, Appellee,**
**v.**
**Glenn Scott THORNTON, Appellant.***
**No. I CA–CR 27.**

Court of Appeals of Arizona.
Oct. 26, 1965.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

James P. Boyle, Jr., Prescott, for appellant.

STEVENS, Chief Judge.

This appeal relates to the adequacy of the record in relation to the advice given to a defendant as to his right to have an attorney at the time of arraignment in a felony case in the Superior Court.

A complaint was filed in the justice court charging Thornton with four counts of narcotics, each on a different day. On the 23rd day of March 1964, he was taken before the Justice of the Peace at which time he requested a preliminary hearing. On the following day he appeared before the Justice of the Peace and waived his preliminary hearing. The County Attorney promptly filed an information charging two counts of narcotics and on the same day he appeared in the Superior Court for arraignment.

In relation to Thornton's right to counsel, the Reporter's Transcript of the arraignment discloses the following statement by the court:

"I would like to advise you that you are entitled to have an attorney represent you and you are entitled to plead 'Not Guilty' and have a jury trial, or you may plead 'Guilty' before the Court and

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 1463. The matter was referred to this Court pursuant to Section 12–120.-23 A.R.S.

have the Court assess the sentence if you desire."

There were other matters in the transcript in relation to the arraignment which are not material to this decision. Thornton advised the court that he wished to plead guilty if sentence could be passed right away and the court explained that he was not bargaining; that he did not rush into sentences and that there would have to be a presentencing report. The information was read, defendant acknowledged his name as set forth in the information and he entered a plea of guilty to both counts of the information, there being no reservations or exceptions stated by him. Sentence was then scheduled for the 27th of March on which date the court inquired of the defendant as to whether he had any legal cause to show why the sentence should not be pronounced to which the defendant replied:

"THE DEFENDANT: Yes. I would like to make arrangements for an attorney and I would like to withdraw my plea of guilty until I get this worked out."

The court declined to permit the withdrawal of the plea and Thornton was sentenced to not less than 5 years and not more than 7 years on each count, the same to run concurrently.

Thornton thereafter filed his own notice of appeal together with a pauper's oath. Present counsel was appointed to represent him on the appeal and so far as the record reflects, this is the first appearance of counsel for Thornton during this particular proceeding.

Criminal Rule 354 (17 A.R.S.) relates to a Certificate of Probable Cause pending appeal and Sub-section B thereof is in part as follows:

"B. The execution of a sentence * * is stayed upon filing with the clerk of the trial court a certificate of the judge before whom the action was tried * * * that there is probable cause for reversing the judgment if the appeal is from the judgment, or for modifying the sentence if the appeal is from the sentence. * * *"

■ The trial judge upon application issued a certificate of probable cause in this case. There was some indication that this Court should consider that the fact of the issuance of the certificate of probable cause could be construed as a confession of error by the trial judge. This contention is rejected by this Court and to hold otherwise, would be an effective denial of the issuance of certificates.

It is charged in the briefs, based upon statements which Thornton made to his appointed counsel, that Thornton was imposed upon by the officials of Yavapai County and that his plea was in fact not voluntary. This is countered by the affidavit of the Deputy County Attorney who was charged with the responsibility of this case. The record is completely silent that any such contentions were ever presented to the sentencing judge. We are not informed as to any procedures which would be available to enable this Court to inquire into such matters on an appeal. Possibly post-conviction procedures should be established in Arizona to afford a means of investigating and determining the truth of such charges.

In relation to arraignments, Criminal Rule 163 (17 A.R.S.) provides:

"Before the defendant is arraigned on a charge of felony, if he is without counsel, the court shall ask him if he desires the aid of counsel and if he answers in the affirmative, and declares, under oath, that he has no means to employ counsel, the court shall assign counsel to represent him in the action. * * *"

■■ The law is now well established that regardless of the fact of advice and the fact of knowledge on the part of the defendant, the record must reflect a literal compliance with the letter and spirit of Criminal Rule 163. We hold that this record does not reflect this inquiry. The record must reflect the inquiry even though it is true as in this case, that the defendant's

record discloses a series of opportunities for education in the technicalities of the criminal law in the state institutions maintained by the States of Arizona, Colorado and New Mexico.

By our holding in this opinion, we do not imply any lack of propriety on the part of the trial judge.

The judgment of guilt and the sentence are vacated and the case is remanded with directions to again arraign Thornton and to take such further and additional procedures as are thereafter appropriate.

CAMERON and DONOFRIO, JJ., concur.