407 P.2d 773

**STATE of Arizona, Appellee,**

v.

**Neil K. ROGERS, Appellant.**

**No. I CA–CR 44.**

Court of Appeals of Arizona.

Nov. 15, 1965.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

David L. Grounds and James Moeller, Phoenix, for appellant.

STEVENS, Chief Judge.

The issues presented to this Court involve procedural matters in relation to a plea of guilty to an information which did not state a public offense and the subsequent motion to amend the information. Mr. Grounds represented the appellant Rogers in the trial court as well as in relation to this appeal. The facts are stated in the appellant's brief form which we quote:

"Defendant was originally charged in three separate complaints in Mohave County, Arizona, each alleging grand

theft. A preliminary hearing on one of the complaints was held in the Justice Court of Kingman Precinct with counsel present. Defendant was bound over on that complaint. Thereafter, present counsel was appointed by the court to continue the representation of defendant, the court having determined that defendant was an indigent. On March 2, 1965, preliminary hearings on the remaining two complaints were to be held. On that date, as a result of a discussion among the County Attorney, defendant, and defense counsel, the defendant agreed that he would enter a plea of guilty to one information of grand theft, with the understanding that the County Attorney would dismiss the other two charges and would refrain from alleging a prior felony conviction. Thereupon, on March 2, 1965, defendant waived preliminary hearing on two of the complaints, informations were immediately prepared and filed in Superior Court, defendant entered a plea of guilty to information No. 2172 which alleged that the defendant did, on or about the 29th day of November, 1964, 'unlawfully take, steal, and carry away property belonging to the Cerbat Mining and Milling Company of a value of more than $100, specifically certain electric motors'.

\*   \*   \*   \*   \*   \*

"Defendant did not enter the plea of guilty on advice of counsel, although he did discuss it with him as it was counsel who communicated the offer of the County Attorney to defendant."

The Reporter's Transcript of the arraignment discloses that there was some discussion as to whether the other two cases, being numbers 2168 and 2173, should be disposed of by dismissing the information in each case or quashing the information in each case and Mr. Grounds stated that it was his preference that the order be one of dismissal. The Court then entered an order dismissing the information in each case.

This Court is not informed as to whether or not either of the informations dismissed stated a public offense or as to how it came to pass that Case No. 2172 was selected for the plea of guilty.

"The court then set the date of April 6, 1965 for passing judgment and sentence, and set a presentence hearing for that same date. That setting was later continued until April 26, 1965. On April 23, 1965, defendant moved to withdraw his plea of guilty and enter a plea of not guilty and, in connection therewith, tendered to the court the sworn affidavit of one Robert M. Cobb, Jr., to the effect that he (Cobb) had been present at a conversation between defendant and one Phil Champagne, the complaining witness, in which Champagne gave defendant permission to sell some of the mining equipment at the mine location in Kingman and specifically gave permission to sell some spare electric motors. Also in support of this motion to withdraw his plea, defendant pointed out to the court that the information to which the plea had been entered was fatally defective in that it did not describe with sufficient particularity the property alleged to have been stolen.

"A hearing on the motion to withdraw the plea was held on April 26, 1965. Defendant testified that his reason for entering the guilty plea on March 2, 1965, was that he 'had no means whatsoever of substantiating my innocence in the matter' and that he had entered into the agreement knowing that if he entered a guilty plea his prior felony conviction would not be alleged which he understood would have subjected him to a possibly greater punishment. He further testified that at the time he entered the plea he was completely unaware of the existence of the Cobb evidence and testimony as he had completely forgotten about it and had no knowledge of it at that time.

234

"The court denied the motion to withdraw the plea of guilty. The court stated as his reasons for doing so:

'I do so with reluctance. I necessarily find it a fact that I do not believe that the defendant is telling the truth in this particular matter of evidence, and I must do so in order to deny it. I believe that as a common thing having such defense he would actually have known about it and would have disclosed it to his counsel if it had been. The motion will be denied.'

"Thereupon the County Attorney, conceding that the information to which the plea was entered was defective, moved to amend it and tendered an amended information specifically describing some sixteen electric motors by manufacturer, rating, and serial number. The court granted the amendment over the defendant's objections. The County Attorney took the position that no new plea to the amended information was to be permitted; defendant contended he had a right to plead to it. The court ruled that no new plea was necessary or allowable, and that the guilty plea to the original information stood 'without modification'."

While the court was considering the matter of permitting Mr. Rogers to withdraw his plea of guilty, the County Attorney urged that the defendant's attorney stipulate that he had traveled from Phoenix to Kingman to attend the preliminary hearing, that it was a matter of accommodation to him to expedite the matter including the filing of the information, and that the County Attorney did not then have all of the details readily available. The Attorney for the defendant did not deny these statements but urged:

"I am afraid to stipulate to Mr. Schimmelpfennig's stipulation. I would not waive some of the rights of the Defendant on appeal."

When the County Attorney moved for leave to file the amended information he stated:

"As I have stated to the Court, the reason it was not listed in the first place was to accommodate counsel. * * * I mady my bargain with Mr. Rogers and Mr. Grounds, and I intend to keep it unless at a future time it becomes necessary to— "

On behalf of the defendant his attorney stated:

"At the time of the entry of the plea it was our fullest intention to go through with it, and I think the Defendant should be allowed to pursue every avenue available for him. The Defendant acted in good faith."

At the same hearing Mr. Grounds urged upon the court in relation to causes No. 2168 and 2173:

"I will say that the other two cases were certainly dismissed because of the guilty plea, and he has the right to refile. There is just no question about that, * * * ".

Is this a candid statement in view of Urrea v. Superior Court, 83 Ariz. 297, 320 P.2d 696 (1958) and Campbell v. Thurman, 96 Ariz. 212, 393 P.2d 906 (1964)? Apparently the Attorney General does not believe that it is, for in his brief he requests that this Court so word its mandate that it

"clearly indicate that the County Attorney is permited, without undue delay, to petition the Superior Court of Mohave County, pursuant to Rule 238, Rules of Civil Procedure, 17 A.R.S. for an order allowing the reinstatement of the prosecution. McConnell v. Newman, 87 Ariz. 381, 351 P.2d 657".

▮ It is well established in Arizona that a defendant of mature years certainly when represented by counsel may waive a preliminary hearing. The waiver of the preliminary hearing is not in any way attacked on this appeal. Yet the appellant requests

not only that the judgment and sentence be vacated but that

"the original defective information and the amended information based upon it should be dismissed. The State will, of course, be free to institute, by proper complaint in the Justice Court, proceedings against the defendant".

The appellant states in his reply brief:

" * * * Additionally, it might be collaterally noted that appellant has been conditionally released from the penitentiary pursuant to a writ of habeas corpus and it will be necessary for the State to acquire jurisdiction over him by some legal process in order to proceed in an orderly manner."

This action was undoubtedly taken before the Supreme Court's opinion in the case of Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889 decided on the 29th of September 1965.

■ The Attorney General with commendable candor has confessed error in that the original information failed to state a public offense and that in the opinion of the Attorney General the trial court could not require that the plea of guilty to the original information stand in relation to the amended information. This Court is not bound by a confession of error in a criminal case and it has undertaken to examine the record. This Court agrees with the confession of error of the Attorney General.

■ It is well established that where an information does not state a public offense, a plea of guilty thereto will not be permitted to stand. State v. Smith, 66 Ariz. 376, 189 P.2d 205 (1948) ; State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952) ; and State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962). While it is true that the Arizona Supreme Court in these cases stated that the court was without jurisdiction where the information was fatally defective, it is interesting to note that in each instance the defendant was not discharged but the case was reversed and remanded for further proceedings. Therefore, it is our opinion that the statement that the trial court was

without jurisdiction related only to the power to entertain a plea of guilty and to pronounce judgment and sentence as distinguished from a complete absence of jurisdiction as is urged by the defendant in the case now under consideration. We hold that there was not a complete want of jurisdiction in the Superior Court in Mohave County.

■ In this case the defective information was filed within the 30 days required by Criminal Rule 80, 17 A.R.S. The amended information was filed as soon as the County Attorney was informed that the defendant and his attorney were departing from their agreement and were seeking to attack the validity of the information as a part of their effort to accomplish the requested change of plea. Therefore, whether it be considered to be an amendment to a defective information or a reasonable excuse for not filing the amended information within the 30 days next following the waiver of the preliminary hearing, is immaterial. The amended information was timely filed. We do not pass on the question as to whether or not it can be further amended or whether an additional amended information can be filed alleging a prior conviction. We do not pass upon the suggestion of the Attorney General that at this time the Judge of the Superior Court may grant leave to refile Criminal Causes No. 2168 and 2173. Nothing in this opinion shall be taken as an expression of an opinion one way or the other, or an expression limiting the discretion of the County Attorney in making such a request.

■ We hold that where an amended information is filed as distinguished from an amendment to an information or a bill of particulars in relation to an information, and as to these we express no opinion, the defendant must be rearraigned on the amended information. It was reversible error for the court to hold that the plea of guilty to the original information stood in relation to the amended information and, therefore, the court was without jurisdic-

**236**

tion to pass sentence based upon the amended information.

It is unfortunate that in an effort to accommodate counsel for the defendant, an error has resulted. Good motives may not operate to deprive the defendant of his rights even though the cooperation given by certain public officials of Mohave County appeared at the time to be for defendant's benefit.

This cause is remanded for further proceedings consistent with this opinion.

CAMERON and DONOFRIO, JJ., concur.