412 P.2d 89

**STATE of Arizona, Appellee,**

v.

**Nathaniel Duncun PERCHARO, Appellant.**

**No. I CA–CR 59.**

Court of Appeals of Arizona.
March 18, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

John H. Grace, Flagstaff, for appellant.

STEVENS, Chief Judge.

Percharo and Daniel were jointly charged in Coconino County in a four count information with two counts of kidnapping and two counts of robbery. The information contained an allegation of prior conviction of the offense of robbery in relation to Percharo. The minutes of 9 July 1965, reflect the following:

"The above matter having come on for arraignment at this time, come now the State by J. Michael Flournoy, Deputy County Attorney, and the *defendants and each of them in custody and without counsel. Defendant Percharo* states his true name is as given in the Information and *waives services of counsel.* * * * The Clerk reads the Information and defendant Percharo enters a plea of GUILTY To Count I. The Deputy County Attorney moves to dismiss Counts II, III, IV and the prior conviction charge as to defendant Percharo. Said Motion is granted." (Emphasis supplied)

On 19 July Percharo appeared before the trial judge without counsel and was sentenced to not less than 20 years and not more than 40 years in the State Penitentiary, this sentence being less than the maximum allowed by the statute. Percharo gave notice of appeal and counsel was appointed to process the appeal. It is urged that the record does not reflect that Percharo's rights were adequately explained to him and the appellant cites the case of State v. Thornton, 2 Ariz.App. 125, 406 P.2d 843 (1965).

The Attorney General has filed a confession of error and a motion to remand this cause with directions to again arraign Percharo and to take such additional action as is appropriate. In the case of State v. Rogers, 2 Ariz.App. 232, 407 P.2d 773 (1965), we stated that,

"This Court is not bound by a confession of error in a criminal case and it has undertaken to examine the record."

This we have done in the case now before us. In Thornton, we stated:

"The law is now well established that regardless of the fact of advice and the fact of knowledge on the part of the defendant, the record must reflect a literal compliance with the letter and spirit of Criminal Rule 163. We hold that this record does not reflect this inquiry. * * *

"By our holding in this opinion, we do not imply any lack of propriety on the part of the trial judge."

These comments equally apply in the case at bar. In State v. Betts, 2 Ariz.App. 27, 406 P.2d 229 (1965), we point out that the record must clearly reflect compliance with the language and spirit of Criminal Rule 163.

As we stated in Rogers, we do not pass upon the matter of again charging the defendant with those counts which the minutes indicate have been dismissed, nor do we pass upon the propriety of again alleging the prior conviction.

The opinion date of each case cited herein is after the date of sentence in the case under consideration.

The judgment and sentence are vacated and this cause is remanded to the Superior Court in Coconino County for appropriate action consistent with this opinion.

CAMERON and DONOFRIO, JJ., concurring.