412 P.2d 860

STATE of Arizona, Appellee,

v.

Windell Wayne STEWART, Appellant.

No. 1 CA–CR 40.

Court of Appeals of Arizona.

April 7, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Axline & Johnson, by Raleigh W. Johnson, Holbrook, for appellant.

CAMERON, Judge.

This is an appeal from a judgment and sentence upon a plea of guilty to the crime of receiving stolen property (Navajo County Superior Court Number 3303), and a judgment and sentence upon a plea of guilty to the charge of escape from a county jail (Navajo County Superior Court Number 3319). Defendant received a sentence of four to four and one-half years on each count to run concurrently.

The facts necessary for a determination of this matter on appeal are substantially as follows:

## RECEIVING STOLEN PROP-ERTY (No. 3303)

The defendant, Windell Wayne Stewart, was charged in an information filed on 22 December, 1964, with the crime of burglary in the first degree. This information was amended on 23 December, 1964, to allege a prior felony conviction. On 18 January, 1965, the defendant filed an "AFFIDAVIT FOR CHANGE OF JUDGE". The affidavit stated that the defendant:

"does believe that on account of the bias and prejudice of the resident judge of the above entitled court he cannot obtain a fair and impartial trial * * * he respectfully requests, pursuant to Arizona Revised Statutes, Section 12-409, that said resident judge, the Honorable Melvyn T. Shelley, request a judge of the Superior Court of another county to preside at the trial of this action * * *."

The affidavit was signed by the defendant, but was not accompanied by a certificate of good faith of the counsel of record as required by Rule 197, Rules of Criminal Procedure, 17 A.R.S. Defendant was represented, at the time, by counsel other than counsel appointed to represent defendant on appeal.

Judge Shelley called the Honorable Robert E. McGhee, Judge of the Superior Court, in and for the County of Gila, to hear further proceedings in this matter.

Thereafter, two trials were held on the charge of burglary in the first degree. The first trial commenced on 4 February, 1965, and a mistrial was ordered because one of the jurors had been observed asleep during the trial. On 20 April, 1965, a second trial was held, Judge McGhee presiding, and as a result of the jury being unable to reach a verdict, a second mistrial was declared.

Thereafter, on or about 7 May, 1965, the defendant appeared before Judge Shelley and "waived" his affidavit. The burglary information was amended to read as follows:

"The said Windell Wayne Stewart, on or about the 6th day of December, 1964, and before the filing of this information in the County of Navajo, State of Arizona, then and there being, did then and there, unlawfully and feloniously receive personal property knowing the same to be stolen, said property being of a value in excess of $100.00 the same being the property of S. R. Glidewell, in violation of A.R.S. 13–621."

The allegation as to prior offense was dismissed, and the defendant then entered a plea of guilty to the information as amended.

## ESCAPE FROM COUNTY JAIL (No. 3319)

During the time defendant was being tried for the crime of burglary, he was detained in the Navajo County Jail. The door to his cell was left open, and the defendant left the jail on the morning of 7 February 1965. He took with him all of his personal effects. The defendant returned to the County Jail that evening, and was returned to custody. The defendant was charged on 11 February, 1965, with the crime of escape from the County Jail in violation of 13–393, A.R.S., and a prior felony conviction was alleged. On or about 7 May, 1965, the defendant appeared before Judge Shelley, Superior Court of Navajo County, and after the allegation of prior felony conviction had been stricken from the information, entered a plea of guilty to the crime of escape.

SENTENCE (Numbers 3033 and 3319)

On 21 May, 1965, Judge McGhee imposed sentence in both matters—receiving stolen property (Number 3303) and escape from the County Jail (Number 3319). The court advised the defendant that he had 60 days from the pronouncement of sentence to file any motion for appeal that he might wish. The court also advised defendant that he had the right to file his own motion for appeal without an attorney, or he could have an attorney prepare same, but restated that any motion must be filed within 60 days from imposition of sentence. While not required under our law, such advice is recommended by this Court. Defendant timely filed his notice of appeal, together with an affidavit of financial inability, and counsel was appointed to represent the defendant in relation to this appeal.

## QUESTIONS PRESENTED

■ The first question raised by the defendant concerns the sufficiency of the information charging the crime of receiving stolen property. The Attorney General has confessed error, and although we are not bound by a confession of error in a criminal case, State v. Rogers, 2 Ariz.App. 232, 407 P.2d 773 (1965), we agree with the Attorney General's position.

■ The information stated that the defendant,

"did then and there wilfully, unlawfully and feloniously receive personal property knowing the same to be stolen, said property being of a value in excess of $100.00."

The Arizona Supreme Court has held that in any prosecution for the offense of receiving stolen property,

"the property must be described with certainty and accuracy and with sufficient particularity to enable the court to determine that such property is the subject of larceny, to advise the accused with reasonable certainty of the property meant and enable him to make the need-

ful preparations to meet such charge at the trial, to enable the jury to determine whether the stolen property proved to have been received was the same as that upon which the indictment was founded, and to enable the defendant to plead the verdict in bar of a subsequent prosecution for unlawfully receiving the same articles or goods." State v. Kuhnley, 74 Ariz. 10 at 15, 242 P.2d 843, at 846 (1952).

Since the information does not describe the property with particularity it does not state a public offense. Therefore, the plea of guilty will not be permitted to stand. State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962), State v. Rogers, supra.

■■ We next concern ourselves with the sufficiency of the affidavit for change of judge. The affidavit filed by the defendant in case Number 3303 (the burglary count) was filed pursuant to 12–409 A.R.S. This is an affidavit for change of judge which is used in civil actions. 12–409 states in part as follows:

"CHANGE OF JUDGE; GROUNDS; AFFIDAVIT

"A. If either party to a *civil action* in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the superior court of another county to preside at the trial of the action." 12–409 A.R.S. (Emphasis ours.)

Paragraph B lists the grounds which may be assigned, including bias and prejudice. 12–409 A.R.S. does not have the additional requirements contained in Rules 196 through 200 of the Rules of Criminal Procedure, 17 A.R.S. Rule 197 specifically states:

"The application for change of judge shall be in writing and shall be presented in open court and then filed. It shall state the ground on which it is based. When made by the state it shall be verified by affidavit of the county attorney.

When made by the defendant it shall be verified by his affidavit and shall also be accompanied by a certificate of counsel of record that it is made in good faith." Rule 197, Rules of Criminal Procedure, 17 A.R.S.

It is apparent that the defendant in filing his attempted affidavit of bias and prejudice, did not comply with the Rules of Criminal Procedure concerning same. Under the circumstances, and in view of defendant's "waiver" of the affidavit there was nothing to prevent Judge Shelley from receiving defendant's plea of guilty in case 3303 (receiving stolen property). The fact that Judge Shelley actually assigned the case (3303) to Judge McGhee for trial does not oust Judge Shelley of jurisdiction to receive the plea or to hear matters concerning defendant's other case (3319). State v. Carpenter, 1 Ariz.App. 522, 405 P.2d 460 (1965). When a proper affidavit of bias and prejudice has been timely filed pursuant to the Rules of Criminal Procedure then the judge against whom said affidavit is filed loses jurisdiction to perform any function in connection with the case other than to make an order that the trial be had before another judge as provided by the statute. In Re Speakman, 32 Ariz. 307, 257 P. 986, 56 A.L.R. 169 (1927), Bellamack v. State, 37 Ariz. 344, 294 P. 622 (1930).

■ Defendant next contends that both convictions should be reversed because defendant was not prosecuted by presentment or indictment of a grand jury as required by the Fifth Amendment to the Constitution of the United States of America.

The United States Supreme Court has stated:

" * * * we are unable to say that the substitution for a presentment or indictment by a grand jury of the proceeding by information after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, with the right on his part to the aid of counsel, and to the cross-examination of witnesses produced for the prosecution, is not due process of law." Hurtado v. People of State of California, 110 U.S. 516, 538, 4 S.Ct. 111, 122, 28 L.Ed. 232, (1884).

And recently:

"[A]ppellant's claim that he could have been charged with a capital offense only by an indictment, and not by an information, is obviously without merit. * * * The requirement of the Fifth Amendment to the Constitution of the United States has no application to state procedure in this regard." State v. Waller, Mo., 382 S.W.2d 668 (1964).

The Arizona Supreme Court in Fertig v. State, 14 Ariz. 540, 133 P. 99 (1913), held that a prosecution by way of information is constitutional. We have found nothing which would indicate that our procedure of information after examination and commitment by a magistrate is not a proper and constitutional substitution for presentment or indictment by a grand jury.

■ Finally, it is contended that the defendant's pleas of guilty resulted from constructive duress or coercion, and that his pleas of guilty were elicited on the basis of threats or promises and that he was therefore denied due process of law. The record before this Court does not support such contention. There is nothing in the record to indicate that the defendant, represented by counsel at the time he entered his pleas of guilty, was under any duress or that he entered his pleas as a result of threats or coercion.

As to cause Number 3319, escape from a county jail (13–393 A.R.S.), the judgment and sentence is affirmed. As to case Number 3303, receiving stolen property (13–621 A.R.S.), the matter is reversed and remanded for proceedings not inconsistent with this opinion.