425 P.2d 444

**STATE of Arizona, Appellant,**

v.

**R. L. BETTS, Appellee.**

**I CA–CR 89.**

Court of Appeals of Arizona.

March 17, 1967.

See also 2 Ariz.App. 27, 406 P.2d 229.

Darrell F. Smith, Atty. Gen., Jerry L. Smith, Coconino County Atty., by Jerry N.[1] Thomas, Coconino Deputy County Atty., for appellant.

Hughes & Hughes, by Coit I. Hughes, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal by the State from an order granting a motion to quash an information on the grounds that the defendant "has been convicted or in jeopardy of conviction or acquitted of the offense charged" pursuant to Rule 169, subd. A, par. 1(f), Rules of Criminal Procedure, 17 A.R.S. The State appeals pursuant to 13–1712 A.R.S. which provides:

"An appeal may be taken by the state from, (1) an order quashing an indictment or information or count thereof. * * *"

We are called upon to determine:

1. Whether there was "legal cause" for a previous order granting a mistrial which would allow the matter to be tried again and defeat a plea of double jeopardy by the defendant.

2. Whether the information could be amended the day of the trial.

The facts necessary for a determination of this matter on appeal are as follows. A complaint was filed 28 August 1963 charging the defendant, R. L. Betts, with a felony, receiving stolen property (13–621 A.R.S.). Defendant was held to answer on 29 August 1963. An information was filed in the Superior Court of the State of Arizona in and for the County of Coconino on the same day charging the defendant with receiving stolen property and, omitting the formal parts, stating that the defendant did:

"* * * wilfully, unlawfully and feloniously, receive personal property, over the current value of $50.00 lawful money of the United States of America, to-wit: 8 guns and 2 Weaver scopes, and being the personal property of Babbitt Brothers Trading Company, then and there well

knowing said property to have been stolen, and then and there receiving the same knowingly, unlawfully, feloniously, for his own gain, and to prevent the owner, Babbitt Brothers Trading Company from possession of said property."

Trial was held before a jury commencing 20 February 1964 before the Honorable Laurance Wren, at which time the defendant was represented by counsel and which resulted in the court ordering a mistrial because of the possibility of tampering with the jury. Trial was held again on 26 March 1964 before the Honorable Raul Castro, at which time the defendant appeared and represented himself. An amended information was filed some 10 minutes before trial. Defendant did not consent and was not arraigned on the new information which, omitting the formal parts, stated that the defendant did:

"* * * wilfully, unlawfully and feloniously, receive personal property, over the current value of $50.00 lawful money of the United States of America, to-wit: 8 guns and two (2) Weaver scopes, namely:

1–22 Hi Standard Derringer, Ser. # 1299918

1–22 Hi Standard Derringer, Ser. # 1299917

1–22 Hi Standard Derringer, Ser. # 1299954

1–6.35 MM .25 Astra Automatic, Ser. # 779164

1–7.65 MM .32 Star Automatic, Ser. # 578117

1–22 Cal. Sheridan Automatic, Ser. # 09145

1–9 mm C. 380 Star automatic, Ser. # 721523

1–25 Astra Automatic, Serial # 757363

2–Weaver Scopes, K–3's"

Defendant was found guilty and appealed the matter along with a conviction for criminal contempt. This Court in the matter of State v. Betts, 2 Ariz.App. 27, 406 P.2d 229 (1965), reversed the contempt proceedings and reversed and remanded the conviction for receiving stolen property be-cause of the failure of the court to make inquiry as to defendant's desire for counsel and to his ability to employ same.

The matter next came on for trial before the Honorable Charles Stidham on 3 March 1965 at which time the defendant was represented by counsel. Regarding the amended information filed 26 March 1964 before the trial of that date the defendant's attorney stated:

"But there was no order ever made, your Honor, allowing the County Attorney to file an amended information and the defendant was never arraigned on the new information, and we don't waive a preliminary hearing on it."

The record indicates that the County Attorney previously attempted to file this amended information during the trial commencing 20 February 1964. The trial court took the matter under advisement at that time and did not rule on it because of the resulting mistrial.

Judge Stidham did not rule upon this amended information. He granted defendant's motion to quash the information because of double jeopardy.

The State prosecutes this appeal from the order of the court quashing the information.

## DOUBLE JEOPARDY

This Court discussed the decision of Judge Wren to declare a mistrial in the previous case of State v. Betts, supra:

"We commend Judge Wren for the granting of the mistrial. It takes far less evidence, (in fact no 'evidence' but only that which appears to be reasonably credible information) to warrant the exercise of that judicial discretion necessary for the granting of a mistrial than it does to support a finding of guilt of criminal contempt in relation to the same mistrial." State v. Betts, supra, 2 Ariz.App. 27, 34, 406 P.2d 229.

In that case, as we stated, there was evidence from which Judge Wren could reasonably believe that there was possible jury

tampering and for that reason we held (and hold) there was legal cause for granting the mistrial. It has been stated:

"The court is not compelled to find as fact that the improper proceedings actually influence the minds of the jury. It is sufficient if it may have prejudiced them either for or against the accused." State v. Slorah, 118 Me. 203, 106 A. 768, 4 A.L.R. 1256 (1919).

The Rules of Criminal Procedure, 17 A. R.S. states:

"In all cases where the jurors are discharged or prevented from giving a verdict by reason of an accident or other cause, except where the defendant is discharged from the indictment or information during the progress of the trial or after a matter is submitted to them the action may be tried again." Rule 304, Rules of Criminal Procedure, 17 A.R.S.

Our Supreme Court has stated where the trial court declared a mistrial because of implications in a newspaper article that the court sitting without a jury might be influenced by the defendant's party affiliations:

"We find that this in effect constituted what would amount to prejudice on the part of a juror, and therefore a legal reason did exist for Judge Farley to declare a mistrial. Therefore the defendant could not have been in jeopardy, and a new trial should have been had." State v. Puckett, 92 Ariz. 407, 377 P.2d 779 (1963). See also State v. Burrell, 98 Ariz. 37, 44, 401 P.2d 733 (1965).

■ In the instant case, as we have stated, Judge Wren was correct in granting a mistrial in the first trial of the matter. We therefore hold that the action of Judge Stidham in dismissing the complaint for and on the basis of double jeopardy was error.

MOTION TO AMEND INFORMATION

Although the amended information was filed on 26 March 1964, the County Attorney did not move for permission to file said amended information until the day of the trial before Judge Stidham. At that time the defendant, with his attorney present, specifically did not waive preliminary hearing on the proposed new information. Arizona Constitution, Article 2, § 30, 1 A.R.S.

■ If the previous information was fatally defective, it could not be amended to cure the defect. If the information was not fatally defective, an amendment to the information could be made to cure the nonfatal defect:

"We hold that where an amended information is filed as distinguished from an amendment to an information * * * the defendant must be rearraigned on the amended information. It was reversible error for the court to hold that the plea of guilty to the original information stood in relation to the amended information and, therefore, the court was without jurisdiction to pass sentence based upon the amended information." State v. Rogers, 2 Ariz.App. 232, 235, 236, 407 P.2d 773 (1965).

■ We hold that the original information in the instant case, as filed, was fatally defective. Our Supreme Court has stated:

"Two decisions in this jurisdiction support the general proposition upon which the defendant relies. In State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952), an information charging the receipt of stolen property consisting of two sewing machines, a saw, a radio, and two typewriters was held to be fatally defective since it failed to set out the serial numbers and trade names of the property. There the court noted, 'The county attorney with a minimum of effort could have ascertained these identification marks and described the property so that there would be no doubt as to which property the defendant was charged with receiving. * * *'

"Quite recently we have applied this same rule in the case of State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962), where the defendant was charged with receiving stolen property consisting of 'personal

property belonging to one Lavonne Gillespie' without any indication of the nature of the value. This information was also held fatally defective.

"In the case at bar, the property was described as 'one braille man's watch, one Hamilton ladies' watch, and one gold ring, of the value in excess of Fifty Dollars in lawful money * * *.' Here in contrast to the Kuhnley case, trade names of the items which bore such were given, and the type of watch was indicated by the designation 'man's' or 'ladies' '. Testimony in the case indicated that many watches do not have serial numbers. We conclude that the description does not suffer from the same degree of indefiniteness as those considered in the Kunley and Corvelo cases, supra, and hold that it was not fatally defective under the rule of those cases." State v. Bundy, 91 Ariz. 325, 328, 372 P.2d 329, 99 A.L.R.2d 808 (1962).

It is apparent that this information as originally filed did not describe the property with particularity and therefore it does not state a public offense. The description of the guns and property as "8 guns and 2 Weaver scopes" does not describe the stolen property with sufficient particularity to allow the defendant to enter a plea of double jeopardy at a later trial for receiving the same property. State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952); State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860 (1966). It may well be that when this Court considered the matter in the previous case of State v. Betts, supra, we erred in not pointing this out when we remanded the matter for new trial. The issue was not raised on the previous appeal nor did we consider the same on our own motion.

The order of the trial court in granting defendant's plea of double jeopardy is reversed; the matter is remanded to the trial court for further proceedings consistent with this opinion.

DONOFRIO and STEVENS, JJ., concur.