
454 P.2d 999

**STATE of Arizona, Appellee,**

v.

**Everett Alvin SMITH, Appellant.**

**No. 1888.**

Supreme Court of Arizona.

In Division.

May 28, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, for appellant.

McFARLAND, Justice:

Everett Alvin Smith, hereinafter referred to as defendant, was tried—together with Betty Sue Pierce, Theresa E. Baker, and Alfred F. Witt—for the crime of burglary in the first degree. A trial jury found Betty Pierce and Theresa Baker not guilty of the crime; Alfred Witt and defendant were found guilty. The court sentenced defendant to serve a term of not less than ten years nor more than eleven years in the Arizona State Prison, said sentence to run concurrently with the sentence of ten years in the Federal prison. From the judgment and sentence of the court defendant appeals.

The sole question presented in defendant's appeal is whether his constitutional rights were violated by his not having been furnished an attorney. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, holds that the right of an indigent defendant in a criminal trial to have the assistance of counsel is a fundamental right and essential to a fair trial, and that a conviction of a defendant without his having the assistance of counsel violated the Fourteenth Amendment of the Constitution of the United States. This fundamental right, however, may be waived. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. Following is a quote from the minute entry of the arraignment of defendant:

"AS TO DEFENDANT SMITH:

"Defendant is present without counsel. Copy of the information is furnished defendant; waives the reading thereof. Defendant states his true name as shown in the information; enters a plea of NOT GUILTY: WAIVES the 60 day period.

458

"IT IS ORDERED granting defendant 10 days to file motions directed to the information.

"IT IS FURTHER ORDERED setting cause for trial by jury and referring to Judge Rozar, Division 21, for trial setting."

) The record shows the following question and answer at the beginning of the trial:

"THE COURT: Is the Defendant Smith ready?

"MR. SMITH: I don't have a lawyer.

"THE COURT: That is your problem. * * *"

The record shows that defendant thereafter acted as his own attorney throughout the trial of the case. The attorney general contends in his brief that the defendant was represented by an attorney at the preliminary hearing; that the court knew for the first time of defendant's not having counsel at the time the trial commenced. Since all of the witnesses were present as well as the jury, and all defendants were present it would have been unreasonable for the court to postpone the trial; that the court could not do so because of its obligation to the administration of justice in a prompt and efficient manner; that defendant should have informed the court at an earlier date of not having counsel, and it would have been unreasonable to permit him to withhold the information to the time of the trial and then raise the question on appeal. Presumably it is the contention of the attorney general that defendant thereby waived his constitutional right to be represented by an attorney.

In his notice of appeal, after sentencing, defendant stated that he was an indigent; accordingly, an attorney was appointed by the court to represent him. The question of waiver was discussed by the Supreme Court of the United States in Carnley v. Cochran, supra. The court, after pointing out that the assistance of counsel might well have materially aided defendant in coping with several aspects of the case, stated:

"We hold that petitioner's case was one in which the assistance of counsel, unless intelligently and understandingly waived by him, was a right guaranteed him by the Fourteenth Amendment.

"We must therefore consider whether the petitioner did intelligently and understandingly waive the assistance of counsel. The record does not show that the trial judge offered and the petitioner declined counsel. Cf. Moore v. Michigan, 355 U.S. 155, 160–161, 78 S.Ct. 191, 2 L. Ed.2d 167. Nevertheless, the State Supreme Court imputed to petitioner the waiver of the benefit of counsel on a ground stated in the court's opinion as follows: 'If the record shows that defendant did not have counsel * * *, it will be presumed that defendant waived the benefit of counsel * * *.' 123 So. 2d [249] at 251. This might mean that the petitioner could have suffered no constitutional deprivation if he had not formally requested counsel, and that failure to make such a request is to be presumed unless the record shows the contrary. But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. In McNeal v. Culver, supra, [365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445,] the petitioner's allegation that he had requested counsel was countered by a denial in the return that 'petitioner's constitutional rights were violated by the court's alleged refusal to appoint counsel in his behalf,' and the State Supreme Court noted that the record was silent as to any request. We held that when the Constitution grants protection against criminal proceedings without the assistance of counsel, counsel must be furnished 'whether or not the accused requested the appointment of counsel. * * *'

* * * * * *

" * * * In the present case, however, there was no guilty plea, and the return to the writ does not allege an affirmative waiver. Therefore, there is no disputed fact question requiring a hearing. Pre-

suming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

Rule 163, Rules Crim.Proc., 17 A.R.S., provides, in part:

"Before the defendant is arraigned on a charge of felony, if he is without counsel, the court shall ask him if he desires the aid of counsel and if he answers in the affirmative, and declares, under oath, that he has no means to employ counsel, the court shall assign counsel to represent him in the action. * * Failure to assign counsel before arraignment shall not affect the validity of any proceeding in the action, if it appears that the defendant was subsequently represented by counsel whether assigned to him or of his own choosing and that the defendant was not in fact prejudiced by such failure."

█ The Court of Appeals (Division One) has held, and we think correctly so, that the record must reflect a literal compliance with the letter and spirit of Rule 163, supra. State v. Thornton, 2 Ariz.App. 125, 406 P.2d 843; State v. Percharo, 3 Ariz.App. 92, 412 P.2d 89.

The Supreme Court of the United States, in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, held that the arraignment in the State of Alabama was a critical step in the proceedings, and that defendant was entitled to an attorney at that time.

█ We are unable to say from the record that defendant waived his right to counsel at the arraignment. There were many questions, motions and other pleas that could have been presented at the arraignment. We are also unable to say that defendant waived his right to counsel merely because he had counsel at the preliminary hearing. Carnley v. Cochran, supra. State v. Betts, 2 Ariz.App. 27, 406 P.2d 229. We recognize that had the court made inquiry as to counsel as provided for in Rule 163, supra, at the time of the arraignment it might have found defendant was in fact not indigent; however, the fact that it later appointed counsel to represent him on appeal after the trial would indicate that it would have found that defendant was indigent.

It is the purpose of Rule 163, supra, to prevent a situation such as that confronting the court in the instant case. There were many important questions during the trial with which counsel might have been able to assist defendant, including that of the admission in evidence of a confession of defendant.

The judgment and sentence are reversed, and the cause is remanded for a new trial.

UDALL, C. J., and HAYS, J., concur.