457 P.2d 356

The STATE of Arizona, Appellee,

v.

John Lincoln CHRISTOPHER, Appellant.

No. 2 CA–CR 146.

Court of Appeals of Arizona.

July 18, 1969.

Rehearing Denied Sept. 3, 1969.

Review Denied Oct. 28, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Louis L. Deckter, Tucson, for appellant.

KRUCKER, Judge.

Defendant-appellant, John Lincoln Christopher, was informed against for the crimes of burglary and grand theft, or, in the alternative, receiving stolen property. The trial court, sitting without a jury, found him guilty of second-degree burglary and grand theft and not guilty of receiving stolen property. He was sentenced to not less than four nor more than five years. This appeal followed.

Construing the facts in a light most favorable to sustaining the conviction, they are as follows. The defendant, his wife, Lupe Navarro, and James Higgenbottom, rented a house adjacent to that of Mr. and Mrs. Warrick. The Warricks went to Stockton, California for Christmas and on January 1, 1968, the Warricks' lessor noticed the Warrick residence had been broken into. The police were notified. Upon their return, the Warricks ascertained that a television, sewing machine, broom and bucket, quilt, clothes, jewelry, radio-phonograph, coffee pot, dishes, skillet, mixer and other items were missing. A chance meeting between Mr. Warrick and defendant revealed that defendant might have a television set similar to that of Mr. Warrick. That evening the Warricks went to defendant's house and identified their TV and a quilt. They took them home. Several days later, the Warricks noticed that defendant was moving, and in the pickup truck they were using the Warricks observed a broom and bucket belonging to them. The police were recalled, and on going to defendant's new residence they

discovered what appeared to be more of the Warricks' missing property.

At trial, defendant moved to prohibit admission of testimony as to his conduct and statements subsequent to the initial conversation between himself and Mr. Warrick.. He claimed that he had been acting under the promise of Mr. Warrick, admitted by him in testimony, that if defendant could return all his goods he would give him a reward of $25 and that the law wouldn't be involved. The trial court denied the motion, and defendant challenges this ruling. He also maintains the convictions were not supported by sufficient probative evidence. Lastly, defendant claims it was error for the court to allow an amendment to the initial information when the initial information was at all times fatally defective.

## ADMISSION OF EVIDENCE

Did "promises of immunity" by the victim require suppression of evidence obtained as a result therefrom? There is no dispute as to the interchange which took place between defendant and Mr. Warrick. Mr. Warrick testified:

"I said, 'If you get all of my stuff and bring it back to my house and put it in my house like you got it I'll give you $25.00' * * * and I said, 'If you bring the stuff back and put it back in my house the law won't be involved.' "

The trial court held that the statements made were not promises of immunity and that nothing defendant said or did was pursuant to this statement.

In State v. McFall, 103 Ariz. 234, 439 P.2d 805 (1968), the Arizona Supreme Court held that:

"A confession to be free and voluntary within the meaning of the Fifth Amendment to the Constitution of the United States must not have been obtained by 'any direct or implied promises, *however slight* * * *'." (Emphasis in original.

And in State v. Hess, 9 Ariz.App. 29, 449 P.2d 46 (1969), this court said in dictum:

"A confession made to a private individual, neither employed by nor acting for the State, may, nevertheless, be involuntary in case it was induced by promises that no complaint to the authorities would be made. Lawton v. State, 152 Fla. 821, 13 So.2d 211 (1943); Fisher v. State, 379 S.W.2d 900 (Tex. Cr.App.1964); State v. Ely, 237 Or. 329, 390 P.2d 348 (1964)."

The general proposition that a confession and/or admission made to civilians as well as police officers must meet some form of voluntariness test has been recently upheld in several cases. People v. Berve, 51 Cal. 2d 286, 332 P.2d 97 (1958); Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (1967); Commonwealth v. Chase, 350 Mass. 738, 217 N.E.2d 195 (1966); McElroy v. State, 204 So.2d 463 (Miss.1967); Mefford v. State, 235 Md. 497, 201 A.2d 824 (1964).

Ultimately, however, the question of voluntariness is a question of fact, as indicated in *Hess*. We do not believe *Hess* means that statements made to private persons must meet the same stringent tests as those made to police officials, State v. Lombardo, 104 Ariz. 598, 457 P.2d 275 (filed, July 7, 1969), nor do they have the same inherent dangers elaborated upon in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The three cases cited in *Hess* stand for the rule that pressures acting upon an individual can be used to evaluate the voluntariness of his statements or conduct.

In the instant case, the trial court analyzed the statement and felt it could not be construed as a promise. of. immunity. The trial judge said that if the statement had been " * * * 'You go ahead and confess and I won't prosecute you' * * * " then the issue would have been arguably presented, but he believed the statement as made was not a promise of immunity. In addition, defendant testified that much of his motivation in giving back the television and cooperating with Mr. Warrick was that he thought it was stupid of Higgenbottom to steal stuff from next door and then leave

it around, especially as he himself was on probation. We agree with the trial court's determination that defendant's statements and conduct were voluntary.

## SUFFICIENCY OF EVIDENCE

Defendant next contends that there was not sufficient probative evidence to support the finding of the trial court.

It is the function of the trial court, not the appellate court, to judge the credibility of witnesses and the reviewing court is bound by that decision. Hyder v. Barton Hat Co., 29 Ariz. 380, 241 P. 959 (1926); Jackson v. Griffin, 39 Ariz. 183, 4 P.2d 900 (1931); Carrasco v. Carrasco, 4 Ariz. App. 580, 422 P.2d 411 (1967).

The testimony at the trial presented two distinct versions of the crime committed. Defendant, along with his wife and the girl living with them, testified that the burglary had been committed by James Higgenbottom, the other member of their household, while the three had been baby-sitting. They said all the items stolen were in the house when they returned that night. James Higgenbottom, on the other hand, testified that defendant stole the items, and that he and the girls had originally agreed to protect defendant because he was on probation, but that he (Higgenbottom) ultimately backed out. We defer to the trial court's determination that defendant had been the actual thief, as he had the opportunity to view the witnesses and evaluate their credibility.

## SUFFICIENCY OF INFORMATION

Defendant's last contention relates to the propriety of the information and the failure of the trial court to dismiss it and an amendment thereto. The original information alleging burglary, grand theft and receiving stolen goods was challenged by defendant as being not specific in supplying brand names and serial numbers of the items stolen.[1] The trial court rejected this contention and allowed an amendment to the information, adding the serial number to the already listed Sylvania television and also correcting some spelling.[2]

Rule 145, Rules of Criminal Procedure, 17 A.R.S., permits amendments to correct errors, provided the corrections do not substantially alter the particulars of the offense charged and prejudice the defendant's right to defend himself. In short, an information is sufficient if a person of common understanding can understand the charges against him. Maseeh v. State, 46 Ariz. 94, 47 P.2d 423 (1935). The Arizona Supreme Court in State v. Paramo, 92 Ariz. 290, 376 P.2d 554 (1962), held the lack of and later correction to the description of a cement mixer of its serial number was proper. The mixer had been named by brand and color and size and otherwise was adequately described.

Defendant cites a line of Arizona cases, all relating to charges of receiving stolen property, in which the court has held that both brand name and serial numbers are required. State v. Kuhnley, 74 Ariz. 10,

1. On or about the 1st or 2nd day of January, 1968, and in Pima County, Arizona, and before the filing of this information, the said JOHN LINCOLN CHRISTOPHER stole from S. B. Warrick: one (1) Sylvania television, brown, 23-inch screen; a double-bed blanket, pink; a man's grey suit, size 40; a man's tan suit, size 40; a pair man's pants, blue; a man's grey overcoat; 2 men's grey wool shirts; 2 men's brown and wool shirts; 1 woman's dress, black satin; 1 woman's short coat, black wool; a pair of black cufflinks with diamonds and white initials "D"; 10 to 15 bath towels; 1 black and 1 grey mohair man's coat; 1 brown radio-phono combination; 1 woman's short brown coat; 1 Sunbeam coffee percolator; 1 Sunbeam electric skillet; 1 Sunbeam electric mixer; 1 Sunbeam hand mixer; various canned goods; stainless steel silverware; assorted tools, of the value of more than $100.00, all in violation of A.R.S., § 13-661, § 13-663 as amended and § 13-671, subsec. A, as amended.

2. The changes read as follows: " * * * Sylvania television, brown, 23-inch screen, #44014-471-3211; * * * "

242 P.2d 843 (1952); State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962); State v. Stewart, 3 Ariz.App. 178, 412 P.2d 860 (1966); and State v. Betts, 5 Ariz.App. 256, 425 P.2d 444 (1967).

The Arizona Supreme Court distinguished *Kuhnley* from *Paramo* on the grounds that *Kuhnley* only said "two sewing machines, a saw, a radio, and two typewriters." In *Betts*, the description was only "8 guns and 2 Weaver scopes." In *Stewart* all that was alleged was that property was received "being of a value in excess of $100.00." And in *Corvelo*, the information stated only that "personal property belonging to one Lavonne Gillespie" was stolen.

We believe that the recent case of State v. Little, 104 Ariz. 479, 455 P.2d 453 (filed, June 11, 1969) sets forth the rules to be applied in burglary and grand theft cases. If the date, place, and general description of the items taken are given in the information it is sufficient. If more particularity is required, the defendant's remedy is to request a bill of particulars, pursuant to Rule 116, Rules of Criminal Procedure, 17 A.R.S.

We also note that the special requirements of description in cases of receiving stolen goods, if that is the holding of the cases cited, are based upon reasons unique to the crime itself. We hold that the information in this case adequately informed the defendant of the charges against him.

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.