NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

THOMAS ALAN HIEMSTRA, *Appellant.*

No. 1 CA-CR 12-0678
FILED 05-15-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2011-150761-001
The Honorable William L. Brotherton, Jr., Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

D O W N I E, Judge:

¶1        Thomas Hiemstra appeals his convictions for theft of means of transportation, possession of burglary tools, and theft. We affirm the convictions for theft of means of transportation and theft but vacate the conviction for possession of burglary tools and remand for resentencing.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        Officer McDonald was traveling southbound on Interstate 17 when he spotted a white Infiniti idling in a gore point and displaying its hazard lights. A mountain bike protruded from the trunk.  When the officer pulled behind the vehicle, it abruptly turned off its hazard lights and merged into traffic. Officer McDonald followed. The Infiniti engaged in abrupt maneuvering, initially entering an exit lane, but returning to the interstate when Officer McDonald also moved into the exit lane. At the next exit, the vehicle "jerked and cut through the gore point" at an exit ramp and left the interstate.  Officer McDonald made a traffic stop.

¶3        According to Officer McDonald, the Infiniti's driver, later identified as Hiemstra, was "very nervous" and "sweating profusely." Hiemstra was using a "manipulation key" to operate the vehicle.[2]  Officer McDonald found several tools inside the car, including a hacksaw, bolt cutters, and a screwdriver. Upon running the vehicle's identification number, Officer McDonald discovered that the car had been reported

---

[1]        We review the facts in the light most favorable to sustaining the verdicts. *See State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

[2]        A manipulation key lacks cuts or grooves and is not specific to any vehicle. The manipulation key would have to be "manipulated, wiggled, jiggle[d], [or] wobbled" in the Infiniti's ignition. A detective testified that it took him approximately 30 seconds to start the Infiniti using Hiemstra's manipulation key.

stolen. The mountain bike had also been reported stolen, but from a different owner.

**¶4**   Hiemstra was charged with theft of means of transportation (count 1), a class 3 felony; possession of burglary tools (count 2), a class 6 felony; and theft (count 3), a class 5 felony. A jury found him guilty of all three counts. Hiemstra timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶5**   Hiemstra challenges the sufficiency of the evidence supporting his convictions. "Th[e] question of sufficiency of the evidence is one of law, subject to de novo review on appeal." *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011). Substantial evidence is such proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of [the] defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996). "Both direct and circumstantial evidence should be considered in determining whether substantial evidence supports a conviction." *West*, 226 Ariz. at 562, ¶ 16, 250 P.3d at 1191.

## I.  Theft of Means of Transportation

**¶6**   To convict Hiemstra of theft of means of transportation, the State was required to prove that, without lawful authority, he knowingly controlled another person's vehicle, knowing or having reason to know that the vehicle was stolen. *See* A.R.S. § 13-1814(A)(5). Hiemstra does not deny that he was driving a stolen vehicle. He argues only that there was no evidence he knew or had reason to know the car was stolen.

**¶7**   R.F., the Infiniti's owner, testified at trial. He stated that he was out of the country when his car went missing from his carport. R.F. had the vehicle's keys in his possession and had disabled the battery while he was gone. R.F. testified he did not give Hiemstra permission to drive his car.

**¶8**   The lack of direct evidence does not preclude a finding of guilt, as criminal convictions may rest solely on circumstantial proof. *State v. Tison*, 129 Ariz. 546, 554, 633 P.2d 355, 363 (1981). Jurors could

conclude that Hiemstra's attempts to elude Officer McDonald and his demeanor upon being stopped suggested consciousness of wrongdoing. *See State v. Hunter*, 136 Ariz. 45, 48-49, 664 P.2d 195, 198-99 (1983) (jury may consider flight as consciousness of guilt). The fact Hiemstra was operating the car with a manipulation key was further circumstantial evidence of guilt. A detective testified that "a normal person would not be able to walk up with this key, put it in the ignition and just turn the ignition as if it's a normal key." *See State v. Martinez*, 15 Ariz. App. 10, 12, 485 P.2d 600, 602 (1971) ("It is axiomatic that intent or knowledge may be inferred from the circumstances surrounding a person's behavior or action."). Although Hiemstra testified he acquired the vehicle from his uncle and did not know it was stolen, jurors obviously disbelieved his version of events. *See State v. Roberts*, 139 Ariz. 117, 121, 677 P.2d 280, 284 (App. 1983) (questions of witness credibility are for the jury to resolve). Substantial evidence supports the conviction for theft of means of transportation.

## II.    Theft

**¶9**        A.R.S. § 13-1802(A)(5) states that a person commits theft by knowingly controlling, without legal authority, "property of another knowing or having reason to know that the property was stolen." Hiemstra does not dispute being in possession of a stolen bicycle. He argues only that he was unaware the bike was stolen.

**¶10**        M.B. testified that he owned the mountain bike, which was locked to a rack mounted on his vehicle as of 10:00 p.m. on September 17, 2011. The next morning, M.B. discovered that someone had broken his bike rack, cut the straps and detached the bungee cord securing the bike, and taken the bike.

**¶11**        Officer McDonald stopped Hiemstra in the early morning hours of September 18, 2011. Hiemstra was traveling in a direction consistent with having left M.B.'s residence en route to his own home. Officer McDonald identified tools inside the vehicle that could have been used to steal the bike.

**¶12**        "Unexplained possession of recently stolen goods can generate an inference of the requisite felonious intent." *State v. Rood*, 11 Ariz. App. 102, 103, 462 P.2d 399, 400 (1969). In addition, Hiemstra's evasive maneuvers and demeanor, discussed *supra*, offered circumstantial evidence of guilt. *See Hunter*, 136 Ariz. at 48-49, 664 P.2d at 198-99. Hiemstra contends "[t]here was nothing inherent in the condition of the

bike to indicate it had been stolen." But his possession of the bicycle on the day it was reported stolen, possession of tools appropriate for theft of the bike, route of travel, and behaviors suggesting consciousness of guilt offered circumstantial evidence from which reasonable jurors could conclude that Hiemstra knew the bike was stolen.

### III. Possession of Burglary Tools

¶13         The superior court instructed the jury as follows on the possession of burglary tools charge:

> The crime of possession of burglary tools requires proof that the defendant:
>
> 1. Possessed any tool, instrument, or other article adapted or commonly used for committing burglary; and
>
> 2. Intended to use or permit the use of such an item in the commission of a burglary.

¶14         The State concedes insufficient evidence supported the possession of burglary tools conviction as instructed and that "[f]or purposes of determining whether sufficient evidence supports the jury's verdict, it appears the evidence must be analyzed in terms of the charge actually submitted to the jury."[3]   Although we are not bound by the State's confession of error, *State v. Stewart*, 3 Ariz. App. 178, 180, 412 P.2d 860, 862 (1966), we agree that insufficient evidence supports the conviction on the grounds submitted to the jury.

¶15         In closing argument, the prosecutor relied on the tools found in the Infiniti's trunk.  He incorrectly told jurors that stealing a bicycle attached to a vehicle constitutes burglary of a non-residential structure. *See* A.R.S. § 13-1501(12) (defining "structure" as "any building, object, vehicle, railroad car or place with sides and a floor that is separately securable from any other structure attached to it and that is used for lodging, business, transportation, recreation or storage").  Although the State observes that the tools found in the trunk are "commonly used for committing burglaries," it concedes "there was no evidence that Hiemstra used or intended to use them to commit a burglary."   As the State

---

[3]     The jury was not instructed that possession of burglary tools included "[b]uying, selling, transferring, possessing or using a motor vehicle manipulation key or master key."  *See* A.R.S. § 13-1505(A)(2).

acknowledges, the evidence at most showed only that Hiemstra used or intended to use the tools to commit the theft of M.B.'s bicycle. The evidence does not support Hiemstra's conviction for possession of burglary tools as instructed.

## CONCLUSION

¶16         For the reasons stated, we affirm Hiemstra's convictions for theft of means of transportation and theft, vacate his conviction for possession of burglary tools, and remand for resentencing.



Ruth A. Willingham · Clerk of the Court
FILED: gsh