David A. **SMITH** et al., Appellants,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 20279.

United States Court of Appeals
District of Columbia Circuit.

Argued April 20, 1967.

Decided July 27, 1967.

---

1. Jalbert v. District of Columbia, D.C.App., 221 A.2d 94 (1966).

**234**

Mr. Herbert O. Reid, Sr., Washington, D. C., with whom Mr. Frank D. Reeves, Washington, D. C., was on the brief, for appellants.

Mr. Richard W. Barton, Asst. Corporation Counsel for the District of Columbia, with whom Mr. Charles T. Duncan, Corporation Counsel, and Mr. Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Mr. Milton D. Korman, Principal Asst. Corporation Counsel at the time the record was filed, also entered an appearance for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

PRETTYMAN, Senior Circuit Judge:

These appellants were among a group of demonstrators who refused to move out of a corridor in the House wing of the Capitol building when ordered to do so by the Capitol police. We find here the same considerations which led to our conclusion in Feeley v. District of Columbia,[1] although the facts are different.

We believe the development of the problem will be clearer if we first examine the several statutory provisions involved.

Title 23, Section 101, of the D.C.Code provides:

"Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia and by the corporation counsel or his assistants. All other criminal prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants."

Thus we long ago held that where the maximum punishment may be both a fine and imprisonment the corporation counsel has no authority to prosecute.[2]

Title 22 of the Code deals with Criminal Offenses, and of course each section of the Title has a "22" as its first identifying number. But for ease in reading we shall omit this numeral in mentioning these sections. Thus we shall speak of Section 22–1121 as simply "1121".

Section 1121 is entitled Disorderly conduct—Generally, and reads in part as follows:

"Whoever, with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby—

"(1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others;

"(2) congregates with others on a public street and refuses to move on when ordered by the police;

\* \* \* \* \* \*

shall be fined not more than $250 or imprisoned not more than ninety days, or both."

---

1. —— U.S.App.D.C. ——, 387 F.2d 216, decided May 22, 1967.

2. District of Columbia v. Simpson, 40 App. D.C. 498 (1913).

The major premise of the section is obviously a breach of the peace (or a threat thereof), and specifications under that premise are annoying others and congregating with others "on a public street", and refusing to move on. The section contains no reference to public buildings. The maximum penalty here provided may be both fine and imprisonment; so that, if Section 23–101 (quoted above) be applied, prosecutions for these offenses would be in the name of the United States and by the United States Attorney.

But Section 109 (*i. e.*, § 22–109) provides:

"All prosecutions for violations of section 22–1121 or any of the provisions of any of the laws or ordinances provided for by this Act shall be conducted in the name of and for the benefit of the District of Columbia, and in the same manner as provided by law for the prosecution of offenses against the laws and ordinances of the said District."

"[T]his Act" in this quotation appears to be an Act of 1892. So, if the prosecutions now before us were for violations of Section 1121, or any provision of the 1892 Act, they would appear to have been brought properly by the Corporation Counsel in the name of the District of Columbia, regardless of the maximum penalty possible.

Section 1107 provides in part:

"It shall not be lawful for any person or persons within the District of Columbia to congregate and assemble in any street, avenue, alley, road, or highway, or in or around any public building or inclosure, * * * and engage in loud and boisterous talking or other disorderly conduct, * * * or to crowd, obstruct, or incommode, * * * the free entrance into any public or private building or inclosure; it shall not be lawful for any person or persons to * * * engage in any disorderly conduct in any * * * public building, * * * or in any other public place, * * * under a penalty of not more than $250 or imprisonment

for not more than ninety days, or both for each and every such offense."

It would appear clear that that section makes it unlawful for persons to congregate in a public building and engage in loud and boisterous talking. The United States Capitol building is obviously a public building. And it would appear that the expression "loud and boisterous talking or other disorderly conduct" means that such talking is disorderly conduct, at least so far as this statutory provision is concerned. The penalty here provided is both fine and imprisonment. So far as we are advised, there is no specific exemption of this section from the requirements of 23–101, such as was provided in respect to Section 1121.

Section 3111 is entitled, in part, "Disorderly conduct in public buildings or grounds". It provides, in pertinent part: "Any person guilty of disorderly and unlawful conduct in or about the public buildings and public grounds belonging to the United States within the District of Columbia * * * shall, upon conviction thereof, be fined not more than fifty dollars."

Just why disorderly conduct in public buildings generally should be punishable by a fine of $250 and imprisonment, but if the building belongs to the United States a fine of not more than fifty dollars is the only punishment, is not readily apparent. The Corporation Counsel tells us in his brief that the difference between the penalties provided in Section 3111 on the one hand and Sections 1107 and 1121 on the other "is obviously due to a congressional oversight."

Section 3102 provides in part:

"Any person who, without lawful authority, shall enter * * * any public * * * building or other property * * * against the will of the * * * person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand * * * of the person lawfully in charge thereof, shall be deemed guilty of a misdemean-

or, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the jail for not more than six months, or both, in the discretion of the court."

Section 101, Title 40, of the United States Code extends to public buildings and grounds belonging to the United States in the District of Columbia all laws and regulations within the District for the protection of public or private property and the preservation of peace and order. It further provides that any person guilty of disorderly and unlawful conduct "in or about the same" shall upon conviction be fined not more than $50. This latter provision would seem to be the same as that contained in Section 3111, Title 22, of the D.C.Code.

We note in this case, as we did in the *Feeley* case, *supra,* that the Capitol Grounds Act [3] was not here invoked. Also, here as there we do not reach any constitutional questions, and we do not attempt to solve any questions of statutory construction. The decision rests upon the procedure.

We turn to the facts in the case before us. Appellants were members of a small group of students at Howard University, led by law school students, who decided to present a petition to the Speaker of the House of Representatives at the United States Capitol building. Next morning they went in a body to the Capitol. Mr. McCormack, the Speaker, came out from his office, received the petition and a book (the name of which does not appear). They asked him for a commitment on action on their petition. He did not give it, and they informed him they would remain there. He suggested to them that they leave peacefully. They then assembled in an alcove in the corridor. The chief of the Capitol Police told them they would be required to leave by six o'clock, as the building was being specially secured in anticipation of a visit by the President. They sat and sprawled on the floor, sang, clapped their hands, and stamped their feet. Refusing to leave after further directions from the police, they lay down and locked arms. At about six o'clock they were carried from the building, deposited on the curb, and, having been placed under arrest, were taken away in police vans. The Capitol is normally closed to visitors at four-thirty or five o'clock.

Appellants were first charged in one-count informations brought by the United States Attorney in the name of the United States. Apparently this charge was for unlawful entry of the Capitol building, a violation of Title 22, Section 3102, of the D.C.Code, which is the general trespass statute. Trial by jury was demanded. The informations were nolle prossed. The United States Attorney, on behalf of the United States, then filed informations charging violations of Title 40, Section 101, of the United States Code, which, counsel says, is also codified in the D.C.Code as Section 3111, Title 22, which, as we have seen, relates to disorderly conduct in a public building belonging to the United States. A motion to dismiss was made and argued. Pleas followed. Eleven defendants were involved, one of them pleading "guilty" and the other ten "not guilty". A confused series of procedural hearings, rulings, motions, etc., ensued. Eventually, however, the informations on behalf of the United States were nolle prossed, and the informations in the matter now before us were filed by the Corporation Counsel in the name of the District of Columbia. They were one-count informations on long, printed forms, extended portions of which were inked out. The remainder charged that our appellants, late of the District of Columbia, on or about a certain day in the District of Columbia, "in a [inked out] public place, to wit: U. S. Capitol Building did then and there [inked out] engage in disorderly conduct, to wit: [inked out] did engage in loud and boisterous talking and other disorderly conduct, to wit: [inked out] under circumstances such that a breach of the peace may be occasioned

3. 40 U.S.C. § 193a *et seq.*

thereby,—acted in such a manner as to annoy, disturb, interfere with, obstruct, and be offensive to others; [inked out]

"Contrary to and in violation of an Act of Congress Police Regulation in such case made and provided, and constituting a law of the District of Columbia."

The cases of the ten defendants were tried together. When the trial began, counsel for the defense moved to dismiss for lack of jurisdiction and also asked for a specification of the section of the statute under which the prosecution was proceeding. The prosecutor replied: "Your Honor, these particular Informations are drawn under both statutes. One has to do with Federal Government buildings. The other has to do with being loud and boisterous in any public place, so that we are relying upon both statutes in so far as the particular violation is concerned. And the Information, you will note, covers both situations, both having to do with being loud and boisterous, along with the proposition that it alleges a Federal Government building."

The court denied the motion to dismiss, and the trial proceeded. When the evidence had been completed, the judge asked the prosecutor, "What is the penalty in this case"? And the prosecutor replied, "Your Honor, there's two sections involved. In view of that fact, I would relate [*sic*] to Your Honor the maximum penalty of the one having the least, which is $50." The court imposed a sentence of $50 or ten days. Up to this point, despite the request of the defense, no one had given a citation of the statute under which the prosecution was being had.

An appeal was taken. The District of Columbia Court of Appeals said: "The unambiguous language of the informations clearly discloses that the only substantive offense with which appellants were charged was that prohibited by § 22–1121." That view appears to differ from the one stated by the prosecutor at the trial.

What we said in *Feeley, supra*, applies here. These appellants were entitled to know with certainty the offense with which they were charged and the possible penalty threatened. Under the circumstances they were entitled to a definite reference to the law which they had allegedly violated. In view of the confusion apparent in the enforcement of these and related statutes, we commend to executive and legislative authorities a review of this entire area of the law. The judgment of the District of Columbia Court of Appeals will be vacated and the case remanded to that court with instructions to set aside the judgments of conviction.

So ordered.