484 P.2d 219

**The STATE of Arizona, Appellee,**

v.

**Peter Thomas BOLLANDER, Appellant.**

**No. 2 CA–CR 252–2.**

Court of Appeals of Arizona, Division 2.

May 5, 1971.

Rehearing Denied May 21, 1971.

Review Denied June 15, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

This appeal is from conviction of the appellant-defendant on six counts of forgery in a trial by jury. The parties will hereinafter be referred to as they appeared below. The trial court sentenced the defendant to not less than three years nor more than five years in the State penitentiary on each count and ordered the sentences to be served concurrently.

The defendant has raised numerous questions on appeal. The most serious question before us is whether or not the amendment of the information in this case, so that it charged forgery instead of forgery of a credit card, was erroneous.

Briefly stated, the facts with regard to the information are that originally the defendant was charged with violation of A.R. S. § 13–1074, subsec. B on six occasions in June, 1969. The effective date of A.R. S. § 13–1074, subsec. B was July 11, 1969.

Clearly, the original information was a nullity in that it charged violation of a statute which had not gone into effect. State v. Betts, 5 Ariz.App. 256, 425 P.2d 444 (1967), holds that a fatally defective information cannot be cured by amendment. *See*, State v. Butler, 9 Ariz.App. 162, 450 P.2d 128 (1969); State v. Martin, 2 Ariz. App. 510, 410 P.2d 132 (1966); State v. Singh, 4 Ariz.App. 273, 419 P.2d 403 (1966); State v. Rogers, 2 Ariz.App. 232, 407 P.2d 773 (1965). During trial, the State's motion to amend the original information, which charged forgery of credit card, A.R.S. § 13-1074, subsec. B, to charge forgery under A.R.S. § 13-421, was granted. Under the *Betts* case, supra, such action was error with the result that the judgments here must be reversed.

The other questions raised by defendant will not be decided by this court in view of the disposition we made of this appeal.

The judgments below are reversed, the information here is dismissed with leave to refile, and the case is remanded for proceedings not inconsistent with this opinion.

HOWARD and HATHAWAY, JJ., concur.