503 P.2d 806

**George YANICH, Jr., Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, ex rel. STATE of Arizona, Appellee.**

**No. 10847.**

Supreme Court of Arizona,
In Banc.

Nov. 24, 1972.

George Yanich, Jr., in pro per.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

CAMERON, Vice Chief Justice.

This is an appeal from an order of the Superior Court of Pinal County, denying George Yanich, Jr.'s pro se petition for a writ of habeas corpus.

The sole question for this court on appeal is whether the trial court had jurisdiction to consider Yanich's petition for writ of habeas corpus when there was an appeal pending which raised the same questions as set forth in the petition for habeas corpus.

The facts necessary for a determination of this matter on appeal are as follows. Yanich was sentenced to the Arizona State Prison for a term of from six to ten years after having been found guilty by a jury in the Maricopa County Superior Court of offering to sell marijuana, § 36–1002.07 A. R.S. (as amended 1961), and sale of L.S. D., § 32–1964, subsec. A, par. 7 and § 32–1975, subsec. C A.R.S. (as amended 1967). Yanich filed a timely appeal from the verdict and judgment which appeal is now pending in this court. After the notice of appeal was filed, Yanich filed a petition for writ of habeas corpus in the Superior Court of Pinal County, the place of his incarceration. The petition read in part as follows:

> "That on September 17, 1970, Petitioner moved before said court to act as his own attorney in propria persona upon the conditions that he be permitted to personally contact potential witnesses and arrange for interviews with said witnesses, all in preparing his own defense while incarcerated; that said Motion was granted; that the Maricopa County Public Defender's Office was appointed to assist Petitioner in preparing his defense; * * *

> "That after September 17, 1970, Petitioner, while attempting to prepare for trial sent requests to potential defense witnesses * * *."

Yanich further alleged that his witnesses were not allowed by the Sheriff to confer with him, that the Public Defender refused to subpoena them, and that because of the inadequate opportunity to prepare for his defense, the judgment was a "complete nullity" and:

> "That by virtue of the foregoing, the process by which Petitioner stands convicted and incarcerated in the Arizona State Prison deprives him of his liberty and freedom without due process of law and entitles him to be discharged from

said imprisonment as the laws and Constitution of this State and of the United States of America directs."

The petition for writ of habeas corpus was denied as follows:

"IT IS ORDERED that the *Petition for Writ of Habeas Corpus filed* in the above entitled cause, be and the same is hereby denied."

The defendant's appeal of the trial court's conviction is pending in this court at this time. Basically, the same issues were raised in the opening brief of that appeal as have been raised here in his petition for a writ of habeas corpus. We have stated:

"* * * when a notice of appeal is filed the trial court is divested of its general jurisdiction to act and may only do so in furtherance of the appeal. Obviously, a petition for habeas corpus is not in furtherance of the appeal if addressed to the same issues. Cf. State v. Peters, 60 Ariz. 102, 106, 131 P.2d 814. And though a habeas corpus proceeding is a civil action collaterally attacking the judgment of conviction, Oswald v. Martin, 70 Ariz. 392, 397, 222 P.2d 632, it is nevertheless directed to the same matter which is the subject of the appeal. The rule and its reason were clearly stated in State ex rel. Bressman v. Theisen (not reported in state reports) Mo.App., 142 S.W. 1088 where the court said:

'Where one court has competent jurisdiction of the person and is proceeding to exercise it, it would be a great outrage upon the administration of justice if a court of equal or inferior jurisdiction should *by virtue of the writ of habeas corpus* seek to override the jurisdiction of the former by discharging the person and thus annulling its writs and processes and rendering abortive any judgment it might lawfully render. Should we hold that the action of the circuit court in issuing the writ of habeas corpus was a bar to any other or further proceeding in this case, it would in effect be to hold that

the jurisdiction of this court was at an end, and that an inferior court by such means could oust this court of a jurisdiction conferred by the Constitution.' 142 S.W. at p. 1090 (Emphasis supplied)." Eyman v. Cumbo, 99 Ariz. 8, 10, 405 P.2d 889, 891 (1965).

And:

"* * * [T]hat where, as here, a petition for writ of habeas corpus does not show on its face that all direct appeal remedies have been exhausted, a collateral attack cannot be made on the judgment of conviction or sentence. The Pinal County Superior Court is presently without jurisdiction to entertain defendant's habeas corpus petition." State ex rel. Eyman v. Superior Court, 105 Ariz. 372, 374, 464 P.2d 964, 966 (1970).

Order affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.