STATE of Missouri, Respondent,

v.

Arbary P. JACKSON, Appellant.

No. 61247.

Supreme Court of Missouri,
Division I.

March 11, 1980.

Scott Richardson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from conviction, upon jury trial, for first degree murder and two counts of assault with intent to kill without malice aforethought. Appellant was sentenced to life imprisonment on murder charge and to five years' imprisonment on each of assault charges.

On this appeal, issues involve the validity of the murder charge in the information, a claimed improper confrontation between appellant and a state's witness, and the propriety of the trial court's "instructing down" on the murder charge.

A lengthy dice game at a house located at 1400 Glasgow in the City of St. Louis broke up at around 4:00 A.M., July 3, 1977. Among the participants in the game were Freddie Thomas, the big winner, his brother, Harry Williams, the appellant, Arbary P. Jackson, a loser, and Gary Aubrey.

Thomas, with 300–400 dollars winnings, and Williams left together and walked to Joyce Ray's house at 2717 Sheridan. After a short visit there, Thomas, Williams and Ray left to walk to the men's mother's house.

When the three reached the intersection of Cass and Leffingwell, an automobile pulled up and stopped. The driver and a passenger got out with guns and yelled: "Hold it." Thomas began to run and the two pursued him, shooting at him. Thomas was struck and fell to the ground. The attackers bent over him and went through his pockets. The gunmen turned their attention to Williams and Ray who had hid-

den behind a truck. Shots were fired at them and they fled, escaping injury.

Police were called to the scene and found Thomas lying in the street. He later died of a gunshot wound to the head. Williams returned to the scene and told police that the attackers were two persons who had participated in the dice game. He knew them as "Pops" and "Little Daddy."

A police officer knew that appellant Arbary Jackson was known as "Pops." The police left word at Jackson's residence for him to get in touch with police. On July 6, 1977, Jackson appeared at police headquarters and was placed under arrest. On interrogation, appellant admitted participating in the game and that he was a loser. He said that he and Aubrey left the game in Aubrey's automobile and that Aubrey drove him to his girl friend's house and he went in the house. He denied any part in the attack on Thomas.

On July 21, 1977, an indictment was filed charging, in Count I, Jackson with murder in the first degree in the death of Thomas. The charge specified violation of "Section 559.007, 550.009(3), Revised Statutes of Missouri." Because Section 559.007 had been repealed effective May 26, 1977 (Laws of Mo., 1977, p. 718), an information was substituted for the indictment, charging murder in the first degree in the commission of a robbery in violation of Sections 565.003 and 565.008, Missouri Revised Statutes. Trial eventually was held on a second amended information so charging the offense.

Appellant moved to dismiss Count I of the information on the grounds that the indictment charging violation of Section 559.007 was void ab initio and that the information charged a different offense. The motion was overruled. That ruling is the basis of a claim of error in this court.

Appellant's claim that the indictment was void as to Count I is premised upon Rule 24.01(a), as follows:

"(a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall also contain on the face thereof the section of the Revised Statutes of Missouri which proscribes the conduct charged, the section of the statutes which fixes the penalty or punishment therefor, and the name and degree, if any, of the offense. It shall be signed by the prosecuting attorney, and the indictment shall also be signed by the foreman of the grand jury. Allegations made in one count may be incorporated by reference in another count."

Appellant contends that the failure to specify the correct statute involved in the indictment, as required by this rule, rendered the indictment void ab initio, not subject to amendment by the later information.

■ A similar claim was involved in *State v. Higgins*, 592 S.W.2d 151 (Mo.banc 1979), where the defendant relied upon Rule 24.01(a) in support of his claim that a miscitation in the information of the first degree murder statute required reversal of his conviction. The court, noting that the information included the essential elements of the offense, rejected that contention. Thus, the erroneous citation of the statute did not render the indictment in this case a nullity and the correction by way of substitute information was properly allowed. See also *State v. Umfleet;* 587 S.W.2d 612, 616–617 (Mo.App.1979).

Appellant complains of the trial court's overruling his motion to suppress the identification testimony of Williams. After appellant had been arrested and interrogated by police, a lineup was arranged and Williams and Joyce were asked to come to the homicide office at police headquarters to view the lineup. When Williams started into the homicide office, he saw appellant at a distance of some ten feet, talking on the telephone. Williams said to the officer: "That's him on the phone." The officer quickly shut the door. The lineup proceeded and Williams identified appellant as the person known to him as "Pops" and one of the persons involved in the attack. Joyce could not identify appellant.

Before trial, appellant moved to suppress Williams's identification testimony on the grounds that the conduct of identification procedures at a pretrial confrontation were so unnecessarily suggestive and conducive to irreparable mistaken identification as to amount to denial of due process of law. Following hearing on the motion, the trial court overruled it, concluding that the witness's identification of appellant was based upon an independent source, i. e., his observation of appellant at the scene of the crime.

In this court appellant argues that "\* \* \* the one to one confrontation of Appellant and the witness coupled with the police efforts to whisk the witness away from the room where Appellant was on the phone so severely tainted the lineup that it was a mockery." Appellant's argument completely ignores the fact that Williams had seen appellant "around in the area" before the dice game, knew him as "Pops," saw him at the dice game and recognized one of the assailants as "Pops." This is clearly a case of identification from a source other than the lineup. Although appellant would infer that there was police complicity in the confrontation between appellant and Williams, he offers nothing but speculation on that score. In any event, the evidence clearly demonstrated that such encounter was not the basis for Williams's identification testimony and the motion to suppress was properly overruled.

Finally, appellant contends that the trial court erred in instructing the jury on second degree murder and manslaughter. Appellant asserts that *State v. Handley*, 585 S.W.2d 458 (Mo.banc 1979), makes it clear that it was error for the Trial Judge to instruct the jury on murder in the second degree and manslaughter. *Handley* held that a defendant charged with felony murder in the first degree following the statutory separation of "common form" first degree murder and "felony murder first degree" may not be convicted of "common form" murder in the second degree because an indictment charging felony murder in the first degree does not include all of the elements of the offense of "common form" murder in the second degree. Had appellant in this case been found guilty of murder in the second degree, the *Handley* problem would arise. However, he was not. He was found guilty of murder in the first degree. If the submission of second degree murder and manslaughter was error, it was harmless error of which appellant may not complain. *State v. Oliver*, 572 S.W.2d 440, 446[5, 6] (Mo.banc 1978).

Judgment affirmed.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.