718 P.2d 1010

**The STATE of Arizona, Appellee,**

v.

**William Earl DUNGAN, Appellant.**

**Nos. 2 CA–CR 2627, 2 CA–CR 3472–2PR.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 11, 1985.

Review Denied March 18, 1986.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

William Earl Dungan, in pro. per.

## OPINION

HATHAWAY, Presiding Judge.

In this appeal, appellant contests his conviction for possession of dangerous drugs for sale. Appellant argues he was indicted and tried under a statute that was not in effect at the time of his indictment and that procedural improprieties occurred during both his arrest and trial. We affirm the conviction but remand for resentencing.

Appellant was arrested at "Paul's Place," a tavern in Miami, Arizona, on August 4, 1981. The Gila County Sheriff's office had obtained a search warrant for William Stolze, who was in the tavern at the same time as appellant. The officers had also been told by two confidential informants that a man fitting appellant's description was involved in supplying Stolze lysergic acid diethylamide (LSD), a controlled substance. Arriving at the bar, they found Stolze and appellant together. The police made an investigatory stop to question appellant, at which time appellant

repeatedly attempted to place his hand in his pocket, allegedly to destroy evidence. While attempting to restrain appellant, the officers observed paper in appellant's pocket bearing gray spots of "blotter acid," a type of LSD. At that time, appellant was arrested.

On August 6, 1981, a grand jury indicted appellant for possession of dangerous drugs for sale pursuant to A.R.S. §§ 36–2512(3), and 36–2531 (enacted and amended 1981). Section 36–2512 contained two schedules that listed controlled substances. LSD appeared on schedule one. Section 36–2531 provided that possession for sale of a substance appearing on schedule one was a class 2 felony. Appellant waived his right to appointed counsel and proceeded in propria persona. A jury found appellant guilty.

Relying on the above statutes and finding aggravating circumstances, the trial court sentenced appellant to 28 years in prison. In addition to this appeal and a consolidated review of the denial of his petition for post-conviction relief, appellant has petitioned twice for writs of habeas corpus in state court (one before the supreme court and one in superior court), and once in federal court. Each state court petition was based on the contention that appellant was indicted under the wrong statute. On November 14, 1984, the Arizona Supreme Court denied the petition, and on July 11, 1985, this court dismissed appellant's appeal in 2 CA–CIV 5391, from habeas corpus proceedings in the nature of post-conviction relief challenging the statutory basis for appellant's conviction. The same question is raised in the present appeal and petition for review, which we consider on the merits along with other questions.

Appellant raises eight issues on appeal:

1. The indictment underlying this cause is fatally defective in that it charges a violation of statutes which were not then in effect.

2. The trial court erred in permitting appellant to proceed in propria persona without first conducting a hearing to determine if appellant was making that choice intelligently and knowingly.

3. Appellant's right to due process of law was abridged during grand jury proceedings when the prosecutor failed to stop the allegedly perjurious testimony of Byron Mills.

4. The trial court abused its discretion denying a motion to suppress evidence because appellant was arrested at the bar on less than probable cause and the evidence found was fruit of the poisonous tree.

5. The trial court committed error in failing to make specific findings on the motion to suppress, thereby allowing the jury to determine a matter of law.

6. The record does not support a finding that appellant knowingly, voluntarily and intelligently admitted his prior convictions or that he admitted them at all.

7. Appellant received ineffective assistance of advisory counsel and interference from counsel prior to the suppression hearing.

8. Appellant's constitutional rights to due process of law and compulsory process have been abridged and he was denied his Sixth and Fourteenth Amendment rights.

### I. Was appellant indicted under a non-existent statute?

Appellant argues that at the time of his indictment on August 6, 1981, A.R.S. § 32–1970 (repealed 1981) in conjunction with the definition of dangerous drugs in § 32–1901(9)(a) (amended 1981) and the sentencing provisions of § 32–1996(C) (amended 1981) were the correct statutes under which he should have been indicted for possession of dangerous drugs for sale. He notes that § 32–1970 was in effect until September 1, 1981, and that after that date A.R.S. §§ 13–3401, et seq., came into effect. He contends that §§ 36–2512 and 36–2531 never came into effect as drug enforcement statutes but only in a substantially amended form. He reasons, therefore, that his conviction should be overturned on the basis of *State v. Bollander*, 14 Ariz.App. 450, 484 P.2d 219 (1971). The state does not address the merits of appel-

lant's claim but relies solely on collateral estoppel, premised upon the previous denial of the writ of habeas corpus. Appellant responds that collateral estoppel is inapplicable and sometimes "... it takes two or three bites of the apple to find the worm." We agree with appellant but find that the error in the indictment did not prejudice appellant and therefore affirm the conviction. We remand in order for the trial court to modify his sentence in accordance with § 32–1996(C) and Rule 26.14, Rules of Criminal Procedure, 17 A.R.S.

As both sides acknowledge, from 1970 to at least July 1, 1981, former A.R.S. § 32–1970 was the statute under which a person should have been indicted for possession for sale of LSD. In 1979, the legislature enacted H.B. 2157 (the Uniform Controlled Substances Act). Section 7 of that act re-·pealed § 32–1970. Section 13 of that act added the provisions of the Uniform Controlled Substances Act, which contained §§ 36–2512 and 36–2531. Taken together, these statutes do form the basis of a prosecution for possession for sale of LSD. Section 17 provided for an effective date of July 1, 1980. Therefore, solely on the basis of H.B. 2157, § 32–1970 should have been repealed and replaced by §§ 36–2512 and 36–2531 on July 1, 1980, well before the arrest and indictment of appellant.

In 1980, however, the legislature enacted H.B. 2231. This act amended § 17 of H.B. 2157 and changed the effective date of the Uniform Controlled Substances Act to July 1, 1981. See *State v. Superior Court In and for the County of Pima*, 128 Ariz. 535, 627 P.2d 686 (1981). Section 3 of H.B. 2231 contained an emergency clause which made the bill immediately effective on April 22, 1980. Therefore, as of April 22, 1980, the effective date of the Uniform Controlled Substances Act was July 1, 1981, also a date prior to appellant's arrest and indictment.

In 1981, however, the legislature enacted two additional bills, S.B. 1113 and S.B. 1023. In § 1 of S.B. 1113, § 36–2512 was repealed. In § 2, the effective date of the Uniform Controlled Substances Act was

again changed, this time to September 1, 1981. This change in the effective date was made provisional on the passage of S.B. 1023. That bill was enacted into law. S.B. 1113 also contained an emergency clause which made the act effective on April 14, 1981. Therefore, as of April 14, 1981, the effective date of the Uniform Controlled Substances Act was September 1, 1981, and, also effective that date, § 36–2512 was repealed. Additionally, S.B. 1023, also effective September 1, 1981, significantly amended §§ 36–2512 and 36–2531 and added §§ 13–3401, et seq., the current drug enforcement statutes. Accordingly, when appellant was indicted on August 6, 1981, § 32–1970 was still in effect, since it was not to be repealed until September 1, 1981. Sections 36–2512 and 36–2531 never came into effect as originally written, but only in amended form on September 1, 1981. Therefore, appellant was indicted under the wrong statute.

■ The state argues that we should not even consider the consequences of this erroneous citation, because the prior denial of the writs of habeas corpus should collaterally estop appellant from raising this issue. That contention is without merit. The United States Supreme Court has held that prior habeas corpus proceedings are res judicata only if (1) the issues have been adjudicated on the merits and (2) the ends of justice would not be served by redetermination of the issues. See, e.g., *Sanders v. U.S.*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Songer v. Wainwright*, 605 F.Supp. 686 (M.D.Fla.1985). The state's argument fails on both grounds. There is no indication that either the supreme court or this court ruled on the merits of the petitions, particularly in view of this pending appeal. *Yanich v. Eyman, Ex Rel. State*, 108 Ariz. 585, 503 P.2d 806 (1972). Additionally, it would not serve the interests of justice to decline to explore the consequences of appellant's indictment under a non-existent statute. Therefore, we will address the merits of appellant's claim.

As we have previously concluded, appellant was indicted under the wrong statute.

In *State v. Bollander*, supra, this court held that when a criminal defendant is indicted under a not-yet-effective statute, the charging document is void. That decision stated "clearly, the original information was a nullity in that it charged violation of a statute which had not gone into effect." 14 Ariz.App. at 451, 484 P.2d at 220. The *Bollander* decision cannot be distinguished from the present case. In *Bollander*, the defendant was charged under a credit card forgery statute, A.R.S. § 13–1074(B). Unfortunately, that statute was not effective at the time of Bollander's offense. He should have been charged under A.R.S. § 13–421. We have reviewed the statutes in *Bollander* and we find their wording even more closely related than the wording of §§ 32–1970 and 36–2531. Therefore, if we were to follow *Bollander*, we would reverse the conviction and dismiss the indictment as a nullity. We, however, decline to follow *Bollander* and overrule that decision.

■ The principle of stare decisis dictates that previous decisions of this court are considered highly persuasive and binding, unless we are convinced that the prior decision is clearly erroneous or conditions have changed so as to render the prior decision inapplicable. *Pena v. Industrial Commission of Arizona*, 140 Ariz. 510, 683 P.2d 309 (App.1984); *Castillo v. Industrial Commission*, 21 Ariz.App. 465, 520 P.2d 1142 (1974). For the reasons discussed below, because the *Bollander* decision failed to consider whether the defendant was in fact prejudiced by the miscitation, we find it to be clearly erroneous.

■ There are two competing principles underlying cases such as *Bollander* (though not considered by that court) and the present one. One is embodied in Rule 13.2 [see 1956 Rules for former citation], Rules of Criminal Procedure, 17 A.R.S., which requires an indictment to include the citation of the statute allegedly violated.[1]

The purpose of this rule is to insure that defendants adequate notice of the charges against them. The other, however, is Article 6, § 27 of the Arizona Constitution which states that "no cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear substantial justice has been done." The issue, then, is whether the miscitation in the indictment is merely a technical error, or whether it requires reversal.

■ The general rule is that error in the citation of a statute does not invalidate an indictment unless the error misleads the defendant to his prejudice. See, e.g., *U.S. v. Hutcheson*, 312 U.S. 219, 61 S.Ct. 463, 85 L.Ed. 788 (1941); *U.S. v. Kennington*, 650 F.2d 544 (5th Cir.1981); *Hammock v. State*, 146 Ga.Ap. 339, 246 S.E.2d 392 (1978); *People v. Boyd*, 87 Ill.App.3d 978, 42 Ill.Dec. 777, 409 N.E.2d 392 (1980); *People v. Posey*, 83 Ill.App.3d 885, 39 Ill.Dec. 98, 404 N.E.2d 482 (1980); *State v. Kirkland*, 184 Mont. 229, 602 P.2d 586 (1979); 1 C. Wright, Federal Practice and Procedure, § 124 (2nd ed. 1982); but see, *People v. Law*, 106 Misc.2d 351, 431 N.Y.S.2d 648 (1980). In fact, even when indictments cite only an ineffective, repealed statute and not a currently effective law, courts refuse to reverse the conviction absent prejudice to the defendant. *Sanders v. State*, 386 So.2d 256 (Fla.Dist.Ct.App.1980); *State v. Jackson*, 594 S.W.2d 623 (Mo.1980); *State v. Harris*, 670 S.W.2d 73 (Mo.App.1984); *Commonwealth v. Shirey*, 333 Pa.Super. 85, 481 A.2d 1314 (1984). In a decision which parallels the current one, a North Carolina court refused to reverse the decision absent prejudice. In *State v. Overton*, 60 N.C.App. 1, 298 S.E.2d 695 (1982), the defendants were indicted under North Carolina's Controlled Substance Act which became effective January 1, 1972. Some of the acts defendants were charged with occurred before 1972. That court held that

---

**1.** Rule 115, 1956 Rules of Criminal Procedure, 17 A.R.S., (repealed), in effect at the time of *Bollander*, did not require citation of the applicable statute in the indictment. It instead required use of the offense's statutory name, common law name or language giving the defendant notice of the offense.

references in the indictment to the Controlled Substance Act did not invalidate the indictment even though they referred to activities occurring before the effective date of the act since there was a statute that covered defendants' crimes before 1972. Because we believe that the above decisions reflect a correct statement of the law, we overrule *Bollander*. We believe that if an incorrect statute is cited in an indictment, the court should overturn the conviction or refuse to allow amendment of the indictment only if the defendant has been prejudiced. Such a rule strikes the correct balance between the concerns of Rule 13.2 and Article 6, § 27 of the Constitution.

■ Our next concern is whether appellant was in fact prejudiced by the miscitation in his indictment. It has been held that if there has been a miscitation of a statute in an indictment, there is no prejudice if the defendant had full and fair notice of the crime charged, is not surprised, confused or prejudiced in his defense, and is afforded a full and fair opportunity to defend the charge against him. *Capwell v. State*, 686 P.2d 1148 (Wyo.1984). See also, *State v. Ganster*, 102 Ariz. 490, 433 P.2d 620 (1967). There is no showing in the record that appellant was prejudiced at all in preparing his defense or in understanding the charge. His vigorous defense was well directed.

There is a problem, however, in that § 36–2531 and § 32–1996(C) carried significantly different penalties. Section 36–2531 made possession for sale a class 2 felony, with a penalty of five to 28 years, while former § 32–1996(c) carried a penalty of one year to life in prison. See *State v. Lewis*, 109 Ariz. 466, 512 P.2d 9 (1973). That appellant was not apprised of the correct penalty in the indictment did not violate the prejudice rule in that it did not bear on his defense. See *State v. Blazak*, 131 Ariz. 598, 643 P.2d 694 (1982); but see, *Smith v. District of Columbia*, 128 U.S. App.D.C. 275, 387 F.2d 233 (D.C.Cir.1967) (lack of knowledge of penalty is prejudice per se). We therefore amend appellant's

indictment, pursuant to Rule 13.5, to charge appellant under § 32–1970 and § 32–1901(9)(a), affirm his conviction and remand for resentencing pursuant to § 32–1996(C) (since amended), but applicable to appellant's conviction, and Rule 26.14, Rules of Criminal Procedure, 17 A.R.S.).

**II. Did the trial court err in permitting appellant to waive the right to counsel without first conducting a hearing?**

■ Whether there has been an intelligent waiver of the right to counsel depends on the particular facts and circumstances of the case, including background, experience and conduct of the accused. *State v. Evans*, 125 Ariz. 401, 610 P.2d 35 (1980). In this case, appellant is intelligent, literate and obviously experienced with the criminal justice system. He demanded to defend himself from the beginning of these proceedings. He was advised by the trial judge of his right to counsel and informed of the nature of the assistance and advice he was relinquishing. It is true that the trial judge did not cite the particular benefits of representation of counsel. It is obvious, however, in view of appellant's 27 prior years of experience in criminal justice proceedings, that he was well aware of those benefits. We find that appellant's waiver of the right to counsel was knowing, intelligent and voluntary.

**III. Was appellant prejudiced by the allegedly perjurious testimony of Byron Mills?**

■ Appellant claims that when Byron Mills testified before the grand jury he perjured himself by stating that the confidential informant had stated appellant was selling LSD with Stolze. Actually, the informant had stated that appellant was supplying LSD to Stolze who in turn sold it at "Paul's Place." All persons conspiring together to sell are equally sellers regardless of who makes the hand-to-hand exchange especially when the supplier is repeatedly present during sales. See A.R.S. § 13–303. It was therefore wholly reasonable for Mills to speak of appellant as being a seller

when he testified before the grand jury. Mills did not perjure himself and did not violate the tenets of either *U.S. v. Basurto*, 497 F.2d 781 (9th Cir.1974), or *Crimmins v. Superior Court In and for the County of Maricopa*, 137 Ariz. 39, 668 P.2d 882 (1983). Moreover, appellant's motion was not timely under Rule 16.1, Rules of Criminal Procedure, 17 A.R.S.

## IV. Was it error for the trial court to deny appellant's motion to suppress?

 The crux of appellant's argument is that he was arrested without probable cause and any evidence later found is barred from admissibility as being "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The state's contention that appellant has no standing to complain because he disclaimed ownership of the drugs is without merit. Cases in which the court found that defendant had no standing because he did not own the automobile or home where the contraband was found, e.g., *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Nadler*, 129 Ariz. 19, 628 P.2d 56 (App.1981), are inapposite. Here, appellant's person was searched, not someone else's automobile or home. A suspect always has a Fourth Amendment interest in his own person.

 The state's second argument is more persuasive. The police had an arrest warrant for Stolze and a description of appellant. When they arrested Stolze, they had specific and articulable facts necessary to make an investigatory stop and to question his companion, appellant. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This was not an arrest of appellant and probable cause was not needed. *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). When appellant subsequently attempted to destroy the evidence, which came in "plain view" of the officers, there was sufficient probable cause to arrest and search appellant. The standard of appellate review of trial court rulings on motions to suppress is that such rulings will not be disturbed absent clear and manifest error. *State v. Smith*, 123 Ariz. 231, 599 P.2d 187 (1979). Under the facts presented, no clear and manifest error appears.

## V. Did the trial court commit error in failing to make specific findings on the motion to suppress?

 Appellant argues that the trial court's failure to make an explicit finding of fact in denying the motion to suppress, constituted reversible error. This very same question was presented to the supreme court in *State v. Myers*, 117 Ariz. 79, 570 P.2d 1252 (1977). The supreme court rejected appellant's argument, as we also do now. We find no error.

## VI. Did the appellant knowingly admit his prior convictions and therefore was his sentence illegally enhanced?

While somewhat nebulous, the gist of appellant's argument seems to be that he did not understand the enhancement of his penalty that could result from admitting his prior convictions and an error occurred when he admitted them without intelligent waiver. Whatever the possible merits of appellant's claim, in view of our remand for resentencing, this issue is now moot.

## VII. Did appellant receive ineffective assistance of advisory counsel?

Apart from the fact that appellant has failed to present a proper argument pursuant to Rule 31.13(c)(1)(iv), Rules of Criminal Procedure, 17 A.R.S., see *State v. Blodgette*, 121 Ariz. 392, 590 P.2d 931 (1979), the record reveals no evidence that appellant was prejudiced by ineffective assistance of advisory counsel. We find no error.

## VIII. Were appellant's due process rights abridged?

We have reviewed the record and found no fundamental error.

We affirm the conviction but remand for resentencing.

LACAGNINA and LIVERMORE, JJ., concur.