STARING, Presiding Judge:
¶1 Joey Lee Healer appeals the sentences resulting from his convictions for first-degree murder, first-degree burglary, armed robbery, theft by control, resisting arrest, and two counts of criminal damage. He argues: (1) life with the possibility of parole after twenty-five years for juveniles convicted of first-degree murder constitutes an illegal sentence; (2) article II, § 15 of the Arizona Constitution should be read more broadly than the Eighth Amendment to the United States Constitution in the context of juvenile sentencing; and (3) the trial court erred when it stated it had no discretion to order that his sentence for first-degree murder run concurrently with the sentences for the other offenses. Pursuant to Rule 32, Ariz. R. Crim. P., Healer also seeks review of the trial court's order denying in part his petition for post-conviction relief, arguing the court abused its discretion by declining to resentence him as to all counts other than first-degree murder. We have consolidated Healer's appeal with his petition for review. For the reasons that follow, we affirm Healer's sentences, and grant review of his petition but deny relief thereon.
Factual and Procedural Background
¶2 In 1994, at the age of sixteen, Healer robbed and murdered his elderly neighbor, stealing $200 and the victim's truck. The jury found him guilty of first-degree murder, first-degree burglary, armed robbery, theft by control, resisting arrest, and two counts of criminal damage. The trial court sentenced him to life imprisonment without the possibility of release for first-degree murder, and additional concurrent and consecutive prison terms totaling 13.5 years to run consecutively to his life sentence. We affirmed his convictions *407 and sentences on appeal. State v. Healer , No. 2 CA-CR 1995-0683 (Ariz. App. Dec. 24, 1996) (mem. decision).
¶3 In 2013, Healer sought post-conviction relief, claiming that the decision in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), represented a significant change in the law entitling him to relief pursuant to Rule 32.1(g), Ariz. R. Crim. P. Under Miller , "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479, 132 S.Ct. 2455. The trial court summarily dismissed his notice, but on review, we vacated the court's order and instructed it to appoint counsel for Healer. State v. Healer , No. 2 CA-CR 2013-0372-PR, ¶¶ 4, 11 (Ariz. App. Jan. 28, 2014) (mem. decision). After doing so, the trial court again summarily dismissed his petition for post-conviction relief. On review, we consolidated his case with that of Gregory Valencia Jr. State v. Valencia , 239 Ariz. 255, 370 P.3d 124 (App. 2016). Subsequently, this court and our supreme court held that in light of the United States Supreme Court's holding that Miller applies retroactively, Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 735-36, 193 L.Ed.2d 599 (2016), Healer and Valencia were both entitled to be resentenced. See Valencia , 239 Ariz. 255, ¶ 17, 370 P.3d 124, vacated , 241 Ariz. 206, ¶ 18, 386 P.3d 392 (2016). Our supreme court remanded Healer's case for the specified purpose of giving him an "opportunity to establish ... that [his] crime[ ] did not reflect irreparable corruption but instead transient immaturity," and stated that "[i]f the State does not contest that the crime reflected transient immaturity, it should stipulate to the defendant's resentencing." Valencia , 241 Ariz. 206, ¶ 18, 386 P.3d 392.
¶4 On remand, the state stipulated that Healer should be resentenced on his first-degree murder conviction. The trial court resentenced Healer to life imprisonment with the possibility of parole after twenty-five years. The court concluded it did not have authority to revisit the sentences on the remaining counts and affirmed the prison terms previously imposed for the other offenses. This appeal and petition for review followed. We have jurisdiction pursuant to article VI, § 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).
Discussion
Ex Post Facto Claim
¶5 Healer argues life with the possibility of parole after twenty-five years for juveniles convicted of first-degree murder constitutes an illegal sentence because "no lawful sentence for juveniles convicted of first-degree murder existed" when Healer committed his offenses. Specifically, he asserts A.R.S. § 13-716 is an ex post facto law in violation of article I, § 10, clause 1 of the United States Constitution and article II, § 25 of the Arizona Constitution. We review questions of statutory and constitutional interpretation de novo. See State v. Moody , 208 Ariz. 424, ¶ 62, 94 P.3d 1119 (2004).
¶6 Because the Arizona and federal prohibitions against ex post facto laws are materially the same, "we generally interpret them as having the same scope, and we typically follow federal precedent in the area." State v. Henry , 224 Ariz. 164, ¶ 6, 228 P.3d 900 (App. 2010). Relevant to this case, a law violates the ex post facto clauses of the federal and state constitutions if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed." State v. Noble , 171 Ariz. 171, 174, 829 P.2d 1217, 1220 (1992) (quoting Calder v. Bull , 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) ). Two critical elements must be present for a law to be ex post facto: "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham , 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.' " Miller v. Florida , 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (quoting Weaver , 450 U.S. at 31, 101 S.Ct. 960 ).
¶7 In 1994, when Healer murdered his neighbor, the only possible sentences for first-degree murder were death, natural life, or life with the possibility of release through *408 pardon or commutation after twenty-five years. See 1993 Ariz. Sess. Laws, ch. 153, § 1; 1993 Ariz. Sess. Laws, ch. 255, § 86 (legislature eliminated parole and replaced with system of earned release credits effective January 1, 1994); see also State v. Vera , 235 Ariz. 571, ¶¶ 15-17, 334 P.3d 754 (App. 2014). After Montgomery , 136 S.Ct. at 734, and Miller , 567 U.S. at 479, 132 S.Ct. 2455, however, a sentence that denies parole eligibility to juvenile offenders who are not permanently incorrigible is unconstitutional.
¶8 In 2014, the Arizona Legislature enacted A.R.S. § 13-716, which provides:
Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994. If granted parole, the person shall remain on parole for the remainder of the person's life except that the person's parole may be revoked pursuant to § 31-415.
In Vera , we concluded that § 13-716"is a remedial statute that affects future events," and not a retroactive substantive law because it did not take away a vested right, but rather provided an additional right. 235 Ariz. 571, ¶¶ 18, 21-22, 334 P.3d 754 ("[I]t affords an additional opportunity for release for juveniles sentenced to life imprisonment."). We thus concluded § 13-716 satisfied the requirements of Miller . Id. ¶ 18.
¶9 Healer argues Vera "was wrongly decided and should be reconsidered." We decline to do so. See State v. Dungan , 149 Ariz. 357, 361, 718 P.2d 1010, 1014 (App. 1985) ("The principle of stare decisis dictates that previous decisions of this court are considered highly persuasive and binding, unless we are convinced that the prior decision is clearly erroneous or conditions have changed so as to render the prior decision inapplicable.").[1] Accordingly, we conclude Vera remains controlling authority. Thus, Healer's ex post facto claim fails because he cannot meet the threshold showing that A.R.S. § 13-716 is retroactive. Therefore, we need not address his arguments that the statute disadvantages him.[2] See State v. Wood , 180 Ariz. 53, 72, 881 P.2d 1158, 1177 (1994). Healer's sentence of life with the possibility of parole after twenty-five years for first-degree murder is lawful.
Cruel and Unusual Punishment
¶10 Healer also argues article II, § 15 of the Arizona Constitution should be read more broadly than the Eighth Amendment in the context of juvenile sentencing.[3] He asserts that "children who are tried as adults must not also be sentenced as though they were adults," and that "[s]ubjecting children to the same mandatory sentences as adults is disproportionate." We review issues of constitutional interpretation de novo. See Moody , 208 Ariz. 424, ¶ 62, 94 P.3d 1119.
¶11 A state "may grant its citizens broader protection than the Federal Constitution requires by enacting appropriate legislation or by judicial interpretation of its own Constitution." Danforth v. Minnesota , 552 U.S. 264, 288, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008). However, "[w]e ordinarily interpret the scope of a clause in the Arizona Constitution similarly to the United States Supreme Court's interpretation of an *409 identical clause in the federal constitution." Noble , 171 Ariz. at 173, 829 P.2d at 1219. But see Pool v. Superior Court , 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984) (state courts interpret Arizona constitution).
¶12 In State v. Davis , 206 Ariz. 377, ¶ 12, 79 P.3d 64 (2003), our supreme court "asked the parties to brief whether Article 2, Section 15 of the Arizona Constitution provides greater protection against cruel and unusual punishment than does the Eighth Amendment to the United States Constitution." After considering the issue in that case, the court found no "compelling reason to interpret Arizona's cruel and unusual punishment provision differently from the related provision in the federal constitution." Id . Further, our supreme court has yet to interpret article II, § 15 of the Arizona Constitution more broadly than the Eighth Amendment. "This court is bound by decisions of the Arizona Supreme Court and has no authority to overturn or refuse to follow its decisions." State v. McPherson , 228 Ariz. 557, ¶ 13, 269 P.3d 1181 (App. 2012) (quoting State v. Long , 207 Ariz. 140, ¶ 23, 83 P.3d 618 (App. 2004) ). Accordingly, "[a]ny change in that approach would be in the exclusive purview of that court."[4] Id. ¶ 16.
Resentencing
¶13 Finally, Healer argues the trial court erred "when it stated it had no discretion to run the sentence for count one concurrently to the sentences for the other counts." Similarly, in his petition for review, he argues the court erred in refusing to resentence him on counts two through eight.[5] We will not disturb a sentence unless the court has abused its discretion. See State v. Vermuele , 226 Ariz. 399, ¶ 15, 249 P.3d 1099 (App. 2011). And, we will not disturb a trial court's order in Rule 32 proceedings absent an abuse of discretion. See State v. Roseberry , 237 Ariz. 507, ¶ 7, 353 P.3d 847 (2015).
¶14 In his appeal, Healer asserts the trial court's decision not to accept the parties' agreement of law concerning the court's sentencing discretion constituted legal error. Specifically, before resentencing, Healer argued that State v. Lambright , 243 Ariz. 244, 404 P.3d 646 (App. 2017), controlled the question of whether the court had discretion to impose concurrent or consecutive sentences. The state agreed that after Lambright the court had the discretion to order that Healer's sentence for first-degree murder run concurrently with or consecutively to the other counts, and to order that the other counts run concurrently with or consecutively to each other.[6] The court disagreed with the parties, see Lopez v. Kearney , 222 Ariz. 133, ¶ 10, 213 P.3d 282 (App. 2009), and explained:
I understand what you are talking about [with] Lambright . The only thing that brings us back in Mr. Healer's case is Miller and Montgomery . I don't know what brought you back in Lambright or whatever it was, but I am willing to bet a hundred bucks that it wasn't Miller or Montgomery . It was something different. It was a finding by the higher court that something went wrong down at our level. Now, here we don't have any such finding *410 .... So I mean, maybe I'm just interpreting it in a way that neither one of you agree on. But the only reason I think I have any authority in this case is Miller and Montgomery and that is it.... That's why I think I don't have any authority to touch those others.
¶15 As noted, the trial court vacated Healer's natural life sentence and imposed a sentence of life imprisonment with the possibility of parole after twenty-five years, and reaffirmed the sentences on the remaining counts. The court clarified that: (1) based on its interpretation of Miller and Montgomery , it did not have authority to change anything except Healer's first-degree murder sentence; (2) it did not consider any information after Healer's original sentencing in 1995; (3) the other counts are to run consecutively to the new first-degree murder sentence; and (4) it reaffirmed the concurrent and consecutive prison terms on the other counts because that is what the original sentencing judge did in 1995.
¶16 We disagree that Lambright controlled the issue of whether the trial court had the discretion to make an independent determination whether to run the other sentences concurrently with or consecutively to Healer's first-degree murder sentence. In Lambright , the adult defendant was sentenced to death for first-degree murder and consecutive prison terms totaling forty-two years on additional counts. 243 Ariz. 244, ¶ 3, 404 P.3d 646. The trial court, however, did not specify whether the death sentence was concurrent with or consecutive to the prison terms. Id. After the death sentence was vacated and the matter remanded to the trial court, the defendant was resentenced to life with the possibility of parole after twenty-five years consecutive to the prison terms on the additional counts. Id. ¶¶ 4-7. On appeal of the resentencing, we concluded that although courts have the discretion to order that a death sentence be consecutive or concurrent, the failure to specify does not create the presumption that the sentence was concurrent; therefore, once the death sentence was vacated, the court was sentencing the defendant anew, and could impose a concurrent or consecutive term.[7] Id. ¶¶ 16, 18. Lambright is inapposite in this instance because the trial court, at Healer's original sentencing, had already determined which terms should run concurrently and which should run consecutively.
¶17 In his appeal and petition for review, Healer argues "it is well established that when an appellate court sets aside one conviction or one sentence, this action may impact other sentences imposed at the same time." The Arizona cases Healer cites for this proposition are also inapposite. See State v. Lehr , 205 Ariz. 107, ¶¶ 8, 10, 67 P.3d 703 (2003) (remand for resentencing in death sentence case where appellate court could not conclude how a jury may have balanced aggravating and mitigating circumstances); State v. Viramontes , 163 Ariz. 334, 340, 788 P.2d 67, 73 (1990) (remand for resentencing where appellate court could not determine if trial court would have imposed same sentences knowing consecutive sentences unavailable).
¶18 Further, Healer was resentenced on the first-degree murder conviction as a result of the decisions in Miller and Montgomery . Those cases only discuss mandatory life-without-parole sentences for juveniles; they do not address the consecutive or concurrent nature of the life sentence or any other additional sentences. See generally Montgomery , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 ; Miller , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407. Montgomery also held that relitigating sentences in every case is not required, and that "[a] State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole." 136 S.Ct. at 736. This point was reiterated by our supreme court in Valencia , which stated that "[t]he need for such evidentiary and resentencing hearings could be obviated ... by the legislature amending A.R.S. § 13-716 to apply to inmates serving natural life sentences for murders committed as juveniles." 241 Ariz. 206, ¶ 19, 386 P.3d 392. This permissible *411 action by the legislature would foreclose Healer's arguments as to the non-homicide counts and the consecutive or concurrent nature of each.
¶19 Our supreme court's limited remand to determine if Healer was entitled to resentencing did not direct the trial court to look at any sentence other than his natural life sentence. See id. ¶ 18 (only if Healer can show his crime reflected transient immaturity "will [he] establish that [his] natural life sentence[ ] [is] unconstitutional, thus entitling [him] to resentencing"). Thus, the trial court correctly concluded it did not have authority under Miller and Montgomery to change the consecutive nature of Healer's sentences. See State v. Hartford , 145 Ariz. 403, 405, 701 P.2d 1211, 1213 (App. 1985) (limiting scope of remand for resentencing). Accordingly, the court did not err by limiting resentencing to only vacating Healer's life without the possibility of release sentence, and imposing a sentence of life with the possibility of parole after twenty-five years in light of Miller , Montgomery , and Valencia .
Disposition
¶20 For the foregoing reasons, we affirm Healer's sentences, and grant review of his petition but deny relief.

Healer asserts we "should take notice" of a federal district court's subsequent grant of Vera's petition for habeas corpus. The United States Court of Appeals for the Ninth Circuit granted review and heard oral argument in the case in May 2018. It has yet to issue an opinion. Further, "Ninth Circuit interpretations of Arizona law do not bind Arizona courts." State v. Hummer , 184 Ariz. 603, 608, 911 P.2d 609, 614 (App. 1995).

As noted, in Vera , we concluded § 13-716"affords an additional opportunity for release for juveniles sentenced to life imprisonment." 235 Ariz. 571, ¶ 22, 334 P.3d 754. Thus, although we do not address the argument, we are skeptical of Healer's assertion that § 13-716 disadvantaged him.

The state argues Healer has waived this argument because it is a "grossly untimely state-law-based claim" and "is non-cognizable in the present, limited action." However, in our discretion we decline to find waiver. See Vera , 235 Ariz. 571, ¶ 9, 334 P.3d 754 ; State v. Boteo-Flores , 230 Ariz. 551, ¶ 7, 288 P.3d 111 (App. 2012).

Healer argues "this court erred in concluding it was barred from reaching the state constitutional question" in cases since Davis because we failed "to acknowledge the phrase 'in this case' that Davis explicitly used." However, we have acknowledged the phrase, and have found that Davis was not a case-specific decision. See State v. Florez , 241 Ariz. 121, n.10, 384 P.3d 335 (App. 2016).

The state filed an answering brief concerning Healer's issues on appeal, but not for his petition for review. Healer argues we should find the state "confessed error as to the issue in the petition for review." Generally, failure to file an answering brief constitutes confession of error. See Gibbons v. Indus. Comm'n , 197 Ariz. 108, ¶ 8, 3 P.3d 1028 (App. 1999). However, Healer's third argument in his appeal, which the state addressed, is almost identical to his argument in his petition for review. And, we may exercise our "discretion to waive this general rule to address a purely legal issue." Id. Therefore, we address the merits of Healer's petition for review.

On appeal, it appears the state's position is that Lambright actually held that "a trial court on remand can impose a lengthier total sentence than originally imposed if the defendant successfully obtains a reduction in the total sentence on appeal." Therefore, the state now asserts "the trial court correctly found that no affirmative Arizona authority exists that would allow it to reduce the length of the unchallenged sentences," and neither Miller nor Montgomery require such an action.

Healer asserts that the court's failure to specify meant it was "concurrent by operation of then-existing law." However, as noted, we rejected this argument. See Lambright , 243 Ariz. 244, ¶¶ 14-16, 404 P.3d 646.